**Tammie GULLETT, Appellant,**

v.

**Michael GULLETT, Appellee.**

**No. 1998–CA–000785–MR.**

Court of Appeals of Kentucky.

March 12, 1999.

Mary Hall Sergent, Ashland, for Appellant.

Roger R. Cantrell, Greenup, for Appellee.

Before: HUDDLESTON, McANULTY, and SCHRODER, Judges.

## OPINION

McANULTY, Judge.

This is an appeal by Tammie Gullett (Tammie) seeking to vacate the supplemental decree of the Greenup Circuit Court on the basis that, under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), the trial court was without jurisdiction to consider the post-dissolution proceedings as to child custody and visitation. We affirm.

Tammie and the appellee Michael Gullett (Michael) were married on October 22, 1994. The marriage produced one child, Jacob Thomas Gullett (Jacob), born September 28, 1995. On September 14, 1995, two weeks prior to the birth of Jacob, Michael filed a petition to dissolve the marriage. The petition specifically sought custody of the unborn child. On the day of Jacob's birth, Tammie responded and likewise sought custody of the child. Following various litigation, including proceedings to establish Michael's paternity of Jacob, on January 2, 1997, the trial court entered a decree dissolving the marriage and reserving all other issues, including child custody issues. On October 7, 1997, prior to the commencement of a scheduled final hearing before the Domestic Relations Commissioner, the parties announced that a settlement had been reached and that an agreed order would be prepared and presented resolving all pending issues in the dissolution action.

Under the agreement, inter alia, the parties were to have joint custody of Jacob, with Tammie being the primary residential custodian; Michael was to have visitation rights pursuant to the Greenup Circuit Court uniform visitation schedule; and Michael was to pay child support. Tammie subsequently refused to sign the agreement. On December 10, 1997, Michael filed a motion requesting that the trial court enforce the agreement. On December 11, Tammie's counsel filed a motion to withdraw on the basis that "[Tammie] has failed to communicate with counsel concerning representation in this matter."

Tammie retained new counsel and a hearing was held on Michael's motion to enforce the agreement. On March 6, 1998, the trial court entered an order and supplemental decree enforcing and incorporating the agreement made between the parties. This appeal followed.

Tammie contends that the trial court did not have jurisdiction over the post-dissolution proceedings relating to custody and visitation because she was a resident of Ohio at the time of the filing of the petition to dissolve the marriage and because she and Jacob have lived in Ohio since the child's birth. Tammie acknowledges that the issue of jurisdiction was not brought to the attention of the trial court prior to entry of the March 6, 1998, supplemental decree; however, she nevertheless argues that the issue may now be raised because subject matter jurisdiction may not be waived by a party.

Jurisdiction of the subject matter cannot be conferred by waiver or consent. *Commonwealth, Dept. of Highways v. Berryman*, Ky., 363 S.W.2d 525, 526 (1962); *Johnson v. Bishop*, Ky.App., 587 S.W.2d

284, 285 (1979); CR 12.08. The question of subject matter jurisdiction may be raised at any time and is open for the consideration of the reviewing court whenever it is raised by any party. *Berryman* at 526—527. Though Tammie failed to raise the issue of subject matter jurisdiction throughout two and one-half years of trial court proceedings, she may nevertheless raise this issue for the first time on appeal.

The UCCJA is codified in KRS 403.400, *et seq.* The jurisdictional rules are codified in KRS 403.420(1) and provide, in relevant part, as follows:

A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) The child is physically present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because he has been subjected to or threatened with mis-

treatment or abuse or is otherwise neglected or dependent; or

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

Tammie states in her brief that "[a]t the time of the filing of the petition [she] and the parties' child were residents of the State of Ohio." [1] This assertion, however, is not supported by the record. The petition was filed on September 14, 1995, and Jacob was born on September 28, 1995. As an unborn child, Jacob was not a "resident" of Ohio at the time of the filing of the petition for dissolution in this action.

■ Jacob's status as an unborn child at the time of the filing of the petition for dissolution creates an anomaly in the application of KRS 403.420(1). KRS 403.420(1)(a) confers child custody jurisdiction upon a state if that state is the home state of the child "at the time of commencement of the proceeding." [2] A proceeding is commenced in the circuit court when a parent files a petition for dissolution of the marriage. KRS 403.420(4)(a). For a child less than six months old, KRS 403.410(5) defines the child's home state to be "the state in which the child lived *from birth.*" (emphasis added). Since Michael filed his petition for dissolution prior to the birth of Jacob, Jacob did not have a "home state" at the time of the "commencement of the proceedings." Hence, as of the time of the filing of the petition for dissolution, we do not discern a home state jurisdictional preference in favor of Ohio under KRS 403.420(1)(a).

---

1. Sometime in July 1995, while pregnant with Jacob, Tammie moved to Ohio to live with her parents and has remained a resident of Ohio since that time.

2. Or if the state was the home state within six months prior to the commencement of the proceedings.

■ Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. KRS 403.420(3). Upon the filing of the petition to dissolve the marriage, either Kentucky, or Ohio—the domicile of the father and mother, respectively—could arguably have assumed jurisdiction under KRS 403.420(b). However, because the child was unborn at the time of the petition, again, there is an anomaly in the application of KRS 403.420(b) in that the unborn child, having no life experiences, had not yet had the opportunity to form "significant connections" with a state, be it Kentucky or Ohio. *See* Graham & Keller, *Domestic Relations Law,* 15 Kentucky Practice § 14.28 (2d ed.1997) for a discussion of significant connection jurisdiction under the UCCJA.

■ Under the circumstances of this case, the most appropriate subsection of KRS 403.420(1) to apply is subsection (d). Under this subsection a state may assume jurisdiction if no other state has jurisdiction in accordance with subsections (a)—(c) and it is in the best interest of the child for the state to assume jurisdiction. We conclude that no other state, including Ohio, appeared to have custody jurisdiction over the unborn child at the time the dissolution petition was filed. We do not have before us a best interest jurisdictional analysis under the facts as they existed at the time the dissolution petition was filed. In her brief, Tammie has failed to set forth a case showing that it was not in the best interest of Jacob that Greenup Circuit Court assume jurisdiction or that the best interests of Jacob would have been better served by litigating child custody issues in Ohio. "[A] circuit court is a court of general jurisdiction; its judgments are presumed to be within its jurisdiction until the contrary appears. If the judgment is void it is a nullity and may be disregarded every-

where; but he who assails a judgment as void must state facts showing it to be void." *Goodman v. Board of Drainage Com'rs of McCracken County, Mayfield Creek Drainage Dist. No. 1,* Ky., 229 Ky. 189, 16 S.W.2d 1036, 1037–1038 (1929). Tammie has failed to show that at the time of the commencement of this custody proceeding, jurisdiction was not proper under KRS 403.420(1)(d).

■ Upon the birth of Jacob, Ohio became his home state. Thereafter, Ohio was authorized under the UCCJA to assume jurisdiction to determine Jacob's custody under its equivalent of KRS 403.420(1)(a). *See* Ohio Revised Code (ORC) 3109.22. However, pursuant to ORC 3109.24, the equivalent of KRS 403.450, an Ohio Court

shall not exercise its jurisdiction ... if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity [with the Ohio equivalent of KRS 403.420 to KRS 403.620], unless the proceeding is stayed by the court of the other state because [Ohio] is a more appropriate forum or for other reasons.[3]

Hence, upon the birth of Jacob, Ohio attained concurrent jurisdiction to decide custody matters concerning Jacob; however, the fact that Ohio later became Jacob's home state did not divest Kentucky of the jurisdiction it theretofore had properly exercised under KRS 403.420(1)(d). The mere fact that the child and his custodial parent live in another state does not, as a matter of law, divest the trial court of jurisdiction. *Dillard v. Dillard,* Ky.App., 859 S.W.2d 134, 137 (1993).

■ In her brief, Tammie specifically objects to the trial court's jurisdiction to hear the "post dissolution proceeding as to

---

3. *See also* the Parental Kidnapping Prevention Act, 28 U.S.C.A. 1738(g); "A court of a state shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another state where such court of that other state is exercising jurisdiction consistently with the provisions [substantially similar to those set forth in KRS 403.420(1)]."

custody [and] visitation." The decree dissolving the marriage was entered on January 2, 1997. Based upon our discussion, *supra*, we fail to discern how the entry of the dissolution decree would trigger the divestiture of UCCJA jurisdiction in the trial court any more so than would Jacob's birth and his subsequent acquisition of a home state. Rather, following the entry of the dissolution decree, upon a proper filing in Ohio, the simultaneous proceeding procedures under KRS 403.450 and ORC 3109.24 would be triggered. Entry of the decree of dissolution did not automatically divest the trial court of jurisdiction.

In summary, at the time of the filing of the petition to dissolve the marriage, Kentucky was a proper forum to litigate child custody issues pursuant to KRS 403.420(1)(d). While Ohio later became the home state of Jacob and hence a proper forum under the Ohio version of KRS 403.420(1)(a), no event occurred following the filing of the original petition that would have divested the trial court of its initial jurisdiction.

For the foregoing reasons, the trial court had jurisdiction over the subject matter and the supplemental decree of the trial court is affirmed.

All concur.