**COMMONWEALTH of Kentucky, Transportation Cabinet, Division of Driver Licensing, Appellant,**

v.

**John FISHER, Appellee.**

**No. 1999–CA–000947–MR.**

Court of Appeals of Kentucky.

April 27, 2001.

Rehearing Denied June 29, 2001.

Discretionary Review Denied by Supreme Court June 5, 2002.

---

Arnold B. Lynch, Hopkinsville, KY., for Appellant.

John C. Fisher, Paducah, KY., pro se.

Before HUDDLESTON, JOHNSON and KNOPF, Judges.

*OPINION*

JOHNSON, Judge:

The Commonwealth of Kentucky, Transportation Cabinet, Division of Driver Licensing has appealed from a summary judgment entered by the McCracken Circuit Court on March 23, 1999, regarding the driver's license of appellee, John Fisher. Having concluded that the trial court correctly interpreted and applied Kentucky Revised Statutes (KRS) 186.560(5), we affirm.

Fisher was convicted in the Marshall Circuit Court on July 23, 1998, of six counts of wanton endangerment in the first degree.[1] On September 10, 1998, he was given a 10–year prison sentence, which was probated. The six separate counts of wanton endangerment were based on the fact that six different individuals were injured in a two-car collision

1. KRS 508.060.

caused by Fisher's wanton conduct. Fisher was indicted on October 17, 1997, on five counts of wanton endangerment in the first degree related to the automobile collision occurring on September 20, 1997; and he was indicted a second time on July 20, 1998, on one additional count of wanton endangerment in the first degree related to the same automobile collision.[2]

Following his sentencing, Fisher received a letter from the Transportation Cabinet dated September 17, 1998, advising him that based on his six convictions his privilege to operate a motor vehicle in Kentucky had been "withdrawn in accordance with state law" until July 23, 2000, a period of two years. Fisher wrote the Cabinet on October 2, 1998, stating: "In accordance with KRS 186.570(3), I am requesting a hearing to review the length of withdrawal of driving privileges which is mandatory for a felony conviction in which a motor vehicle is involved KRS 186.560(5)."[3] The Cabinet responded to Fisher in a letter dated October 22, 1998, and stated: "Felony-motor vehicle involved is a mandatory conviction under KRS 186.560(1)(d). Therefore, you are not eligible for an administrative hearing."

On November 23, 1998, Fisher, who resided in McCracken County, filed a *pro se* complaint against the Cabinet in McCrack-

en Circuit Court asking that the Cabinet "be restrained from imposing a suspension period against [him] . . . in excess of the six months for a first time offender as mandated by the legislature." Following Fisher's motion for summary judgment and the Cabinet's response, the trial court entered a summary judgment in favor of Fisher. The trial court ordered the Cabinet "to rescind its decision to impose a two year suspension, recall the habitual violator set-up, and accept the six month suspension already served." This appeal followed.

■ The Cabinet first claims that the McCracken Circuit Court lacked jurisdiction to grant Fisher relief because Fisher "failed to exhaust administrative remedies as required by KRS [ ] 13B.140." While the record below shows no indication of the Cabinet having raised this issue before the circuit court and while the Cabinet has failed to comply with the requirement of CR [4] 76.12(4)(c)(iv) that it provide "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner[,]" we assume the Cabinet is relying on the established rule that the issue of jurisdiction can be raised for the first time on appeal.[5] However, we agree with Fisher

---

2. The second indictment incorrectly listed the date of the collision as September 24, 1997, instead of September 20, 1997, but the error was corrected before the Marshall Circuit Court.

3. KRS 186.560(5) provides, in relevant part, as follows:

Except as provided in subsections (3), (4), and (8) of this section, in all other cases, the revocation or denial of a license or the withdrawal of the privilege of operating a motor vehicle under this section shall be for a period of six (6) months, except that, if the same person *has had one (1) previous conviction* of any offense enumerated in subsection (1) of

this section, regardless of whether the person's license was revoked because of the previous conviction, the period of revocation, denial, or withdrawal shall be one (1) year; if the person *has had more than one (1) previous conviction* of the offenses considered collectively as enumerated in subsection (1) of this section, regardless of whether the person's license was revoked for any previous conviction, the period of revocation, denial, or withdrawal shall be for not less than two (2) years [emphases added].

4. Kentucky Rules of Civil Procedure.

5. *Gullett v. Gullett*, Ky.App., 992 S.W.2d 866, 869 (1999).

that since the Cabinet refused his request for a hearing,[6] he was left with no alternative but to seek relief from circuit court.

Furthermore, the Cabinet's position on appeal is inconsistent with the position it took below. In its correspondence with Fisher denying his request for an administrative hearing, the Cabinet cited to the mandatory nature of KRS 186.560(1)(d), which provides: "The cabinet shall forthwith revoke the license of any operator of a motor vehicle upon receiving record of his conviction of any of the following offenses: ... (d) Any felony in the commission of which a motor vehicle is used[.]" We believe the Cabinet's previous position that an offender under KRS 186.560(1)(d) is not entitled to an administrative hearing is correct. Thus, Fisher did not fail to exhaust his administrative remedies and the circuit court had jurisdiction to grant him relief.[7]

■ As to the merits of Fisher's complaint, the Cabinet argues that "multiple convictions on the same date constitute previous offenses pursuant to KRS 186.560[ ](5)." As mentioned previously, Fisher was convicted under two separate indictments. The second indictment was necessary because one of the victims, who had been a passenger in one of the two vehicles involved in the wreck, had been overlooked and omitted from the first indictment. The Cabinet seizes upon this error and argues that "[i]t must be concluded at a minimum that once the Defendant is convicted under either indictment, this becomes a previous conviction for purposes of his subsequent conviction under [the] remaining indictment." The Cabinet also argues that it is significant that Fisher was convicted at a jury trial. The Cabinet states:

He was tried by a jury and they convicted him separately on six (6) different counts of wanton endangerment for six (6) different individuals. It only stands to reason that each conviction constitutes a separate offense. Upon the Defendant['s] conviction of any one offense, when he was convicted on an additional offense, the one prior thereto becomes a previous conviction for purposes of KRS 186.560[ ](5).

■ To apply KRS 186.560(5) to this case, we must determine the meaning of the phrase "has had more than one (1) previous conviction." When interpreting a statute, the function of the court is to construe the language so as to give effect to the intent of the Legislature.[8] In determining legislative intent, we may not look beyond the language of the statute unless the legislative intent is not discernable from the language used.[9] However, a court may not surmise as to what the Legislature intended but did not express.[10]

---

6. Fisher has relied upon KRS 186.570(3) to support his claim that he is entitled to a hearing. KRS 186.570(3) provides:

The cabinet or its agent designated in writing for that purpose shall provide any person subject to the suspension, revocation, or withdrawal of their driving privileges, *under provisions of this section*, an informal hearing.... An aggrieved party may appeal a decision rendered as a result of an informal hearing, and upon appeal an administrative hearing shall be conducted in accordance with KRS Chapter 13B [emphasis added].

7. As Fisher points out, the Cabinet cannot have it both ways. If Fisher had been entitled to an administrative hearing and if the Cabinet had denied that hearing, he would have then been entitled to judicial review.

8. *Fiscal Court of Jefferson County v. City of Louisville*, Ky., 559 S.W.2d 478, 480 (1977).

9. *Princess Manufacturing Co. v. Jarrell*, Ky., 465 S.W.2d 45, 48 (1971).

10. *Kentucky Ass'n of Chiropractors, Inc. v. Jefferson County Medical Society*, Ky., 549 S.W.2d 817, 821 (1977).

In interpreting KRS 186.560(5), we accept the sound reasoning of the McCracken Circuit Court as follows:

KRS 186.560(5) specifies mandatory suspension periods and provides enhancement of suspension periods for repeat offenders.

The Transportation Cabinet misapplied the law when it contended that multiple counts in one incident constituted separate times of conviction and therefore one conviction had to be previous to another conviction. The legislature could have simply written "if the person has more than one conviction", but it chose not to. It specifically required a past similarly serious event which had occurred in a distinctly separate and earlier time period.

The reasonable progression by the General Assembly into provisions for repeat offenders would be activated in the present case only as a consequence of a future repeat offense. If such an event occurred at a future time, the present conviction could then be properly referred to as a past offense or previous time of conviction. This would automatically provide a longer suspension period.

An awareness of this provision for longer suspension for future offenses provides the intentional deterrent to rehabilitate a possible repeat offender. In that way the law fulfills its dual purpose of nurturing the development of responsible drivers and protecting the public.

In its determination of the suspension period in this case, the Transportation Cabinet misinterpreted KRS 186.560(5) and its action has exceeded statutory authority. The Plaintiff's conviction on six counts of wanton endangerment occurred at one time, in one trial, as a result of one indictment for one incident.[11] The Transportation Cabinet has improperly determined that multiple counts in one incident equal distinctly separate conviction "times" and therefore represent a pattern of conduct.

Having accepted the reasoning of the McCracken Circuit Court and now adopting it as our own, we affirm its summary judgment.

ALL CONCUR.

11. We have already discussed the mistake that resulted in a second indictment.