ATTORNEY FOR APPELLANT
David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE
Nancy L. Cross
Monty K. Woolsey
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**

Jun 24 2008, 2:48 pm

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

No. 12S02-0708-CV-331

ANTHONY N. STEWART,

*Appellant (Respondent below),*

v.

SIGNE L. (STEWART) VULLIET,

*Appellee (Petitioner below).*

Appeal from the Clinton Superior Court, No. 12D01-0311-DR-488
The Honorable Kathy Smith, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 12A02-0610-CV-896

**June 24, 2008**

**Shepard, Chief Justice.**

An expectant mother filed divorce and custody proceedings in Indiana and thereafter moved to Washington state, where she gave birth. After litigating her case in Indiana for more than two years, she filed a motion asserting inconvenient forum. We hold that the trial court acted within its discretion in dismissing the child custody proceeding, in favor of Washington as a more convenient forum.

## Facts and Procedural History

Anthony N. Stewart ("Father") and Signe L. Vulliett ("Mother") married in Washington during August 1992 and lived there until May 2003, when they relocated to Indiana. In November 2003, Mother filed for dissolution of the parties' marriage, in Indiana. She was pregnant at the time with their only child. After filing the petition, she moved back to Washington, and the parties' daughter, A.S., was born in February 2004 in Washington.

Throughout 2004 and 2005, the Indiana trial court issued several orders pertaining to the child's custody. It granted Father's request for visitation, issued a provisional order that Mother have physical custody and that Father receive seven to ten days visitation every two months, ruled on a motion to compel discovery, issued an order regarding child support, provided guidance to the company preparing Father's home study, and scheduled a final hearing.

In November 2005, Mother filed an action in Washington for establishment of a parenting plan. Father's counsel advised him that Washington did not have jurisdiction, and Father did not attend the Washington hearing. The Washington court declined to exercise jurisdiction over A.S. "in light of the considerable litigation in Indiana." (Appellant's App. at 91.) The Washington court noted that Indiana had been properly exercising jurisdiction over the matter. In January 2006, Mother filed a motion to reconsider and moved for default. The Washington court granted both motions and entered a temporary parenting plan, providing custody to Mother and visitation to Father. In March 2006, the Washington court entered a permanent parenting plan.

In April 2006, Mother asked the Indiana court to dismiss the custody and visitation issues, arguing that Indiana was an inconvenient forum. The court granted the motion, holding that although Mother had waived her right to claim forum inconvenience, Washington was nonetheless better situated to resolve the dispute because

> a. Washington has always been the child's home state and the parties lived in Washington for many years. [Mother] lived in Indiana only 6 months.

2

b. Washington has a closer connection with the child and with substantial evidence concerning her care, education and relationships. Witnesses and evidence concerning child are best available in Washington.

(Id. at 11-12.)

Father appealed the trial court's dismissal, and Mother cross-appealed the waiver determination. The Court of Appeals upheld the trial court's determination that Mother waived any claim that Washington was A.S.'s home state. Stewart v. Vulliet, 867 N.E.2d 226 (Ind. Ct. App. 2007), vacated. It reversed the dismissal of the Indiana action, ruling that Indiana is a more convenient forum for determining custody and visitation. We granted transfer.

## I. Did Our Trial Court Ever Have Jurisdiction as Respects A.S.?

Like all other states, Indiana has dealt with the phenomenon of interstate child custody disputes by adopting statutes based on the models created by the National Conference of Commissioners on Uniform State Laws. We thus turn first to the Uniform Child Custody Jurisdiction Law (UCCJL), Ind. Code § 31-17-3-3 (2006), which provides four factors for conferring jurisdiction:

(1) this state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

(2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(3) the child is physically present in this state and the child has been abandoned; or

(4) (A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that

3

this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.

Ind. Code Ann. § 31-17-3-3(a) (West 2006).[1]  "Home state" is defined as:

the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six (6) consecutive months, and in the case of a child less than six (6) months old the state in which the child lived from birth with any of the persons mentioned.

Id. § 31-17-3-2(5).[2]

These provisions leave a bit of legal lacuna as to custody cases filed before the birth of the child.  Some states have held that the subject matter jurisdictional requirement is not met if the child is born in another state.  For example, in In re Marriage of Tonnessen, 937 P.2d 863 (Colo. Ct. App. 1996), divorce proceedings were initiated in Colorado, but the pregnant wife moved to Arizona before the birth of the twin children.  The Colorado court held that even though the husband amended the divorce proceedings to include custody, there was no jurisdiction in Colorado under their UCCJL because the children never lived there after birth.

Other courts have observed that the facial terms of the UCCJL contemplate regulation of jurisdiction in litigation that commences after a child is born.  In Gullett v. Gullett, 992 S.W.2d 866 (Ky. Ct. App. 1999), the parties initiated divorce and child custody proceedings in Kentucky while the wife was pregnant.  The wife moved to Ohio before birth of the child.  The court held that Kentucky had jurisdiction because although Kentucky was not the home state of the unborn child, there was no other home state at the time the proceedings were filed and it was in the best interest of the child for the state to assume jurisdiction.  Although Ohio later became the child's home state, the court held that Kentucky exercised valid initial and continuing jurisdiction.

---

[1] For some considerable time, our UCCJL was based on the Uniform Child Custody Jurisdiction Act (UCCJA).  The Indiana General Assembly recently supplanted the UCCJL with a similar act, bearing the title UCCJA, Ind. Code art. 31-21 (2007), in accord with the National Conference of Commissioners on Uniform State Laws' promulgation of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  Congress has sought to buttress the effectiveness of these statutes under the Full Faith and Credit Clause by enacting the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (2007), not relied upon by either party.
[2] Now supplanted by Ind. Code § 31-21-2-8 (2007).

As the Kentucky Court of Appeals aptly noted in Gullett, "[a child's unborn status] at the time of the filing of the petition for dissolution creates an anomaly in the application of the [UCCJL]." Id. at 869. The UCCJL confers subject matter jurisdiction to a state if the state "is the home state of the child at the time of commencement of the proceeding." Ind. Code Ann. § 31-17-3-3(a)(1) (West 2006). A proceeding is commenced when a parent files a petition for dissolution of the marriage. See id. § 31-17-3-2(3) (West 2006) ("'custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for dissolution of marriage . . . ."). For a child less than six months old, the child's home state is defined as "the state in which the child lived *from birth*." Id. § 31-17-3-2(5) (West 2006) (emphasis added). Because Mother filed her petition for dissolution prior to the birth of A.S., A.S. did not have a "home state" at the time of the "commencement of the proceeding."

Accordingly, Ind. Code § 31-17-3-3(a)(4) becomes applicable for determining whether Indiana had subject matter jurisdiction over A.S.'s custody determination. This subsection confers jurisdiction to Indiana if the child does not have a home state and it is in the best interest of the child for Indiana to assume jurisdiction. At the time the dissolution petition was filed, no other state, including Washington, had custody jurisdiction over A.S. because she had not yet been born. A.S.'s parents resided had both resided in Indiana and information about A.S.'s parents and other family members was available in Indiana.

Upon the birth of A.S., Washington became her home state. Id.; Wash. Rev. Code Ann. § 26.27.201(1)(a) (West 2006). Thereafter, Washington had concurrent subject matter jurisdiction to determine A.S.'s custody. Wash. Rev. Code Ann. § 26.27.201(1) (West 2006). However, a Washington Court

> may not exercise its jurisdiction . . . if, at the time of commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because [Washington] is a more convenient forum.

Id. § 26.27.251(1) (the equivalent to Ind. Code § 31-17-3-6 (2006)[3]).

---

[3] Now supplanted by Ind. Code § 31-21-5-6 (2007).

Even though Washington later became A.S.'s home state, Indiana did not necessarily lose jurisdiction. Ind. Code Ann. § 31-17-3-3(a)(4) (West 2006). The mere fact that the child and her custodial parent live in another state does not, as a matter of law, compel dismissal. See id. § 31-17-3-3(c) ("Physical presence of the child, while desirable, is not prerequisite for jurisdiction to determine his custody."). Accordingly, because a custody case was already pending in Indiana in conformity with the UCCJL, Washington could not have exercised jurisdiction over A.S.'s custody unless Indiana terminated or stayed the proceeding. Thus, the Indiana trial court could have continued to entertain A.S.'s custody determination, but, as discussed below, deferring to Washington was also within the court's discretion.

## II. Mother's Motion to Dismiss for Forum Inconvenience

Because the trial court held that Mother waived her right to claim forum inconvenience, Father argues that dismissal should have been barred.

The UCCJL provides that a court with subject matter jurisdiction over a child custody dispute may nonetheless "decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum . . . under the circumstances . . . and that a court of another state is a more appropriate forum." Ind. Code Ann. § 31-17-3-7(a) (West 2006).[4] The issue of inconvenient forum may be raised on motion of a party or on the court's own motion. Id. § 31-17-3-7(b).[5] A court's decision as to whether to exercise jurisdiction is reviewable for an abuse of discretion. Palm v. Palm, 690 N.E.2d 364, 368 (Ind. Ct. App. 1998). In reviewing the trial court's decision, we consider only the evidence most favorable to the decision and reverse only if the result is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. Id.

---

[4] Now supplanted by Ind. Code § 31-21-5-8 (2007).
[5] Now supplanted by Ind. Code § 31-21-5-8(a) (2007).

6

As discussed above, the mere fact that the child and his custodial parent live in another state does not, as a matter of law, divest the trial court of jurisdiction. Where the parties to a family law dispute reside in different states, there will frequently be more than one state with subject matter jurisdiction. Forum inconvenience rules were created to determine which of these courts should resolve the dispute, not as a means of divesting either court of subject matter jurisdiction. See Campbell v. Campbell, 180 Ind. App. 351, 388 N.E.2d 607 (Ind. Ct. App. 1979).[6] Accordingly, forum inconvenience claims can be waived.

In this case, the Mother had initiated the dissolution action in Indiana and asked the Indiana court to rule on custody. The custody matter was pending in Indiana for more than two years prior to Mother's forum inconvenience motion. During that time, the parties filed numerous motions, conducted parenting time plans, attended mediation, and otherwise availed themselves of the Indiana court system. The trial court issued several orders and dedicated substantial resources to the child custody dispute. These activities support a plausible claim of waiver based on unjustified delay in filing a forum inconvenience motion.

Nonetheless, even if a party has waived the right to claim forum inconvenience, a trial court has discretion to decline to exercise jurisdiction on the grounds of forum inconvenience. The UCCJL provides that a court with subject matter jurisdiction over a child custody dispute may "decline to exercise its jurisdiction *any time before making a decree* if it finds that it is an inconvenient forum . . . under the circumstances . . . and that a court of another state is a more appropriate forum." Ind. Code Ann. § 31-17-3-7(a) (West 2006) (emphasis added).[7] The issue of inconvenient forum may be raised on the court's own motion. Id. § 31-17-3-7(b).[8] Because the UCCJL authorizes a court on its own motion to decline exercising jurisdiction at any time prior to issuing a decree, waiver by a party does not prevent a court, in its discretion, from dismissing a case based on forum inconvenience.

---

[6] This view is reinforced by the General Assembly's recent enactment of Ind. Code § 31-21-5-1, which supplanted Ind. Code § 31-17-3-3 (2006) and states that "[t]he jurisdictional requirements described in this section provide the exclusive jurisdictional basis for making a child custody determination by an Indiana court." Ind. Code Ann. § 31-21-5-1(b) (West 2007).

[7] Now supplanted by Ind. Code § 31-21-5-8 (2007).

[8] Now supplanted by Ind. Code Ann. § 31-21-5-8(a) (2007).

Indiana Code § 31-17-3-7(c) (2006) set forth the factors for determining whether Indiana was an inconvenient forum.[9]  These factors included but were not limited to:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) if the parties have agreed on another forum which is no less appropriate; and

(5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes [of the UCCJL].

Ind. Code Ann. § 31-17-3-7(c) (West 2006).

In this case, the trial court determined that Indiana is an inconvenient forum because Washington has always been the child's home state, the parties lived in Washington for many years, witnesses and evidence concerning the child are best available in Washington, and Washington has a closer connection with the child and with substantial evidence concerning her care, education, and relationships.  This analysis comports with the statutory factors for evaluating forum inconvenience, and facts in the record support these determinations.  Despite that A.S., being unborn, did not have a home state nor close connections with the state of Washington when the proceeding was commenced, the trial court can still properly consider these factors when determining whether to dismiss the action for forum inconvenience because the UCCJL authorizes a court to decline exercising jurisdiction "any time before making a decree."  Id. § 31-17-3-7(a).[10]  The court is not limited to considering the parties' circumstances only as they existed at the time the petition was filed, but rather can evaluate the case on a continuing basis to ensure the child's best interests are protected.

Accordingly, the trial court did not abuse its discretion in declining to exercise its jurisdiction over A.S.'s custody determination.

---

[9] Indiana Code § 31-17-3-7 (2006) was supplanted by Ind. Code § 31-21-5-8 (2007), containing similar but not identical provisions.

[10] Now supplanted by Ind. Code § 31-21-5-8 (2007).

### III.    Deferring to Washington is Consistent with the UCCJL

Father argues that dismissal contravenes the purposes of the UCCJL because it permits forum shopping.  (Appellant's Br. at 9-17.)

The stated purposes of the UCCJL include to: (1) avoid jurisdictional competition, (2) promote cooperation among courts of different states, (3) assure that custody litigation is commenced in the state with the closest connection to the child and his family, (4) discourage controversies over child custody, (5) deter abductions undertaken to obtain custody awards, (6) avoid re-litigation of custody decisions of other states, (7) facilitate the enforcement of custody decrees in other states, and (8) promote and expand the exchange of information and assistance concerning the same child between courts among states.  Ind. Code Ann. § 31-17-3-1 (West 2006).

To be sure, courts disfavor forum shopping for a host of reasons important to the bench, the bar, and the public.  But the stated purposes of the UCCJL make it clear that its primary aim is to reduce court conflicts among states.  Avoiding such conflicts is in the best interest of children involved in custody disputes because the shifting of children from state to state and the risk of unilateral abduction for the purposes of obtaining different custody orders has harmful effects on children's well-being.  See id.  Occasionally, the net result of the jurisdictional provisions of the UCCJL will permit some forum shopping, but such a result is tolerable if it means that the custody dispute will be litigated in the state most aligned with the child's best interest.

In this case, the Indiana trial court determined that the Washington court was better situated to resolve the custody dispute and that dismissal was in the best interest of the child.  As discussed above, the court complied with the statutory forum inconvenience analysis.  The record shows that Mother had a legitimate purpose for moving to Washington apart from any ill motive or blatant attempt to forum shop.  Mother only lived in Indiana for six months before initiating the divorce proceedings and moving back to Washington.  Prior to moving to Indiana, Mother had always lived in Washington, where her relatives reside.  (Appellant's App. at 85;

9

Appellee's App. at 83.) At the time of Mother's move, neither party was employed in Indiana. (Appellee's App. at 91.) No evidence suggests that Mother moved to Washington to prevent Father from participating in the custody suit. Thus, our holding that the trial court did not abuse its discretion by dismissing the custody suit does not contravene the purposes of the UCCJL.

## IV. This Outcome is Consistent with Trial Rule 4.4

Father also argues that dismissal was inappropriate pursuant to Ind. Trial Rule 4.4 because he did not file a written stipulation agreeing to personal jurisdiction in Washington or a stipulation waiving statute of limitations defenses in Washington. (Appellant's Br. at 5-9.) Trial Rule 4.4(D) provides that

> [n]o stay or dismissal shall be granted due to a finding of forum non conveniens until all properly joined defendants file with the clerk of the court a written stipulation that each defendant will:
>
> (1) submit to the personal jurisdiction of the courts of the other forum; and
>
> (2) waive any defense based on the statute of limitations applicable in the other forum with respect to all causes of action brought by a party to which this subsection applies.

Father argues that this rule conflicts with the UCCJL forum inconvenience provision because the UCCJL does not require defendants to file the written stipulations submitting to personal jurisdiction or waiving statute of limitations defenses. Father's argument misconstrues the purpose of Rule 4.4.

Rule 4.4(D) stipulations are designed to prevent the moving party from seeking dismissal on forum inconvenience grounds only then to claim that the suit cannot be litigated in the new jurisdiction because of a lack of personal jurisdiction or because the statute of limitations has expired. In cases involving custody determinations, it is hard to image a scenario in which personal jurisdiction or the statute of limitations will be at issue. The UCCJL does not contravene Rule 4.4 by failing to require written stipulations waiving personal jurisdiction or

10

statute of limitations defenses; rather, such a requirement was not included because it is generally inapplicable to this type of case.

Father argues that he should have had to sign a waiver of personal jurisdiction and statute of limitations defenses, yet neither his personal jurisdiction in Washington nor the statute of limitations is at issue in this case. Additionally, if he did have a personal jurisdiction or statute of limitations defense, it would work to his advantage, rather than prejudice him. Mother also has no personal jurisdiction or statute of limitations defense in the state of Washington. Thus, Father's argument that dismissal was inappropriate because there were no written stipulations fails.

## Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

Dickson, Boehm, and Rucker, JJ., concur.
Sullivan, J., concurs in result with separate opinion.
.

11

**Sullivan, Justice, concurring in result.**

I concur in the result of the Court's opinion that Washington State has jurisdiction in this case. Assuming that the Indiana trial court had jurisdiction, I concur in Part III of the Court's opinion holding that the trial court properly reached and determined the question of the most convenient forum. I express no opinion as to Parts I and II of the Court's decision.