In re The GUARDIANSHIP
OF S.M. and N.M.

S.M., Appellant,

v.

S.G., Appellee.

No. 48A02–0904–CV–337.

Court of Appeals of Indiana.

Dec. 31, 2009.

Daniel D. Brown, Danville, IL, Attorney for Appellant.

Jason A. Childers, Hulse Lacey Hardacre Austin Sims & Childers, P.C., Anderson, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

S.M. ("Father"), an Illinois resident, appeals the trial court's order appointing S.G. ("Aunt"), an Indiana resident, as the permanent guardian of S.M., age ten, and N.M., age eight ("Boys"). We reverse and remand with instructions.

### Issue

Whether the trial court had subject matter jurisdiction.[1]

### Facts and Procedural History

Father and T.B. ("Mother") were married and were the Boys' parents. In 2002, a trial court in Vermilion County, Illinois ("Illinois court") dissolved their marriage and granted custody of the Boys to Father. In 2007, the Illinois court modified its order by transferring custody to Mother, who resided in Indiana.

As Mother worked in the evenings, the Boys spent much of their time with Aunt. The Boys moved into Aunt's home when Mother began to struggle with cancer. Mother died on November 1, 2008.

---

1. As the dispositive issue is subject matter jurisdiction, we do not address Father's other argument.

Two days later, Aunt filed an emergency petition for temporary guardianship of the Boys in the Madison Superior Court ("trial court"). The Chronological Case Summary indicated that the emergency petition was approved that day. The record on appeal does not include the trial court's emergency order.

During an evidentiary hearing in January 2009, the following exchange occurred between Father and the trial court:

Father: Our divorce was handled in Vermilion County [Illinois]. All of our proceedings with the children have been handled in Vermilion County. It has, I mean the Vermilion County Court has always handled everything with the children.

Court: So you're seeking this through the Illinois courts?

Father: Yes sir. I haven't ...

Court: That's a separate matter and you can proceed with that. If you're successful, that's something else. They'll have to respond to it. This is a matter now of my determining what's to the best interest of your two sons. And let me say the thing that bothers me in a temporary guardianship hearing. You keep hearing the matter of should that temporary guardianship be made permanent. That sounds like permanent means you're out. That's not the case at all. If at any time during the guardianship, the guardianship is just to protect the children, take care of them, get them to school. She's shown that she's had them and she's been doing that. But in the interim you're going to be given that opportunity to go to your court in Illinois and if they ah, deter-

mine jurisdiction there that's something else. But, I'm not going to interfere with that. I have nothing to do with that. So the purpose of this hearing today is to determine what's best for your sons until that's done.

Transcript at 27–28. The trial court appointed Aunt as the Boys' permanent guardian and granted parenting time to Father, who continues to reside in Illinois. The trial court subsequently denied Father's motion to correct error.

Father now appeals.

## Discussion and Decision

### I. Standard of Review

If the facts are not in dispute, then the question of subject matter jurisdiction is purely one of law, to be reviewed de novo. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind.2001); and *Novatny v. Novatny*, 872 N.E.2d 673, 679 (Ind.Ct. App.2007). A claim that the tribunal lacked subject matter jurisdiction cannot be waived. *Ind. Dep't of Envtl. Mgmt. v. Raybestos Products Co.*, 897 N.E.2d 469, 474 (Ind.2008) (citing *Town Council of New Harmony v. Parker*, 726 N.E.2d 1217, 1223 n. 8 (Ind.2000)), *technical error granted on reh'g, cert. denied*. "When a court lacks jurisdiction of the subject matter, its actions are void ab initio and have no effect whatsoever." *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind.2000).

### II. Analysis

The parties agree that, as the courts of two states are involved in the matter, a critical determination is whether the trial court had jurisdiction under the Uniform Child Custody Jurisdiction Law ("UCCJL")—Indiana Code Article 31–21.[2]

---

2. Indiana Code Titles 29 (Probate) and 31 (Family Law) each provide for emergency orders. Ind.Code §§ 29–3–3–4 and 31–21–5–4. Although Aunt filed her emergency petition pursuant to Indiana Code Article 29–3, apparently in an attempt to circumvent Indiana Code Article 31–21 (UCCJL), the latter controls here because it is specific to inter-state custody disputes, while Indiana Code Article 29–3 provides generally for guardianships of

Indiana has codified the UCCJL regarding interstate child custody disputes. "[I]ts primary aim is to reduce court conflicts among states." *Stewart v. Vulliet*, 888 N.E.2d 761, 768 (Ind.2008), *reh'g denied.* Most of the UCCJL's provisions address whether a trial court has subject matter jurisdiction.[3] *See id.* at 765.[4] In *Stewart*, the Indiana Supreme Court referred repeatedly to a determination under the UCCJL as one of subject matter jurisdiction. *Id.* at 765–67.

There is no dispute that the Illinois court made a child custody determination in 2002 and that the Illinois court modified its order in 2007. Indiana Code Section 31–21–5–3 controls whether an Indiana trial court may modify another state's existing child custody order.

> Except as provided in section 4 of this chapter, an Indiana court may not modify a child custody determination made by a court of another state unless an Indiana court has jurisdiction to make an initial determination under section 1(a)(1) or 1(a)(2) of this chapter and:
>
> (1) the court of the other state determines that:
>
>   (A) it no longer has exclusive, continuing jurisdiction under section 2 of this chapter; or
>
>   (B) an Indiana court would be a more convenient forum under section 8 of this chapter; or
>
> (2) an Indiana court or a court of the other state determines that:
>
>   (A) the child;
>
>   (B) the child's parents; and

>   (C) any person acting as a parent; do not presently reside in the other state.

Ind.Code § 31–21–5–3. Thus, an Indiana court may modify another state's child custody determination only if Subdivision One or Two applies.

Neither party suggests that the Illinois court has determined that it lacks jurisdiction or that Indiana would be a more convenient forum. Accordingly, Subdivision One does not apply. Meanwhile, Subdivision Two does not apply because it requires a determination that the parents and others "do not presently reside in the other state." I.C. § 31–21–5–3(2). There is no dispute that Father resides in Illinois.

Therefore, the trial court lacked subject matter jurisdiction to modify the Illinois court's child custody order. Its order of January 13, 2009, appointing Aunt as the Boys' permanent guardian, is void ab initio.

That said, we now address whether the trial court had subject matter jurisdiction to issue a temporary emergency order. Indiana Code Section 31–21–5–4 provides an Indiana trial court with temporary emergency jurisdiction if the children are present in Indiana and the children have been abandoned or it is necessary to protect them because they are "subjected to or threatened with mistreatment or abuse." Under the UCCJL, "abandoned" means "left without provision for reason-

---

minors and others. "When faced with a general statute and a specific statute on the same subject, the more specific one should be applied." *Ross v. State*, 729 N.E.2d 113, 116 (Ind.2000).

**3.** Three of the UCCJL's seventy-eight Sections address, in part or in their entirety, personal

jurisdiction. *See* Ind.Code §§ 31–21–3–4, –3–5, and –5–1.

**4.** In *Stewart*, the Indiana Supreme Court applied a version of the UCCJL superseded by PL. 138–2007, section 45, effective July 1, 2007. We apply the revised statute, Indiana Code Article 31–21.

able and necessary care or supervision." Ind.Code § 31–21–2–2.

 There was no evidence that the Boys were abandoned or threatened with mistreatment. To the contrary, a surviving parent has the right to custody of minor children, unless otherwise determined in a dissolution decree or in another proceeding authorized by law. *In re Guardianship of B.H.*, 770 N.E.2d 283, 285 (Ind.2002).[5] *See also* Ind.Code § 29–3–3–3 ("Except as otherwise determined ... the parents of the minor jointly (or the survivor if one (1) parent is deceased), ... have ... the right to custody of the person of the minor....").[6]

 Upon Mother's tragic death, Father was therefore entitled to custody of the Boys as a matter of law. Furthermore, as to the suggestion that Father acquiesced to the trial court's exercise of jurisdiction for the establishment of a guardianship under Title 29, our review of the record does not clearly establish acquiescence. Additionally, we note that the issue of subject matter jurisdiction cannot be waived, and absent a showing of abandonment or the threat of mistreatment or abuse, no guardianship can be established under Title 31. Accordingly, the trial court's temporary emergency order is void ab initio. We remand with instructions for the trial court to issue an order denying the petition for guardianship and directing that custody be with Father.[7]

### Conclusion

The trial court lacked subject matter jurisdiction. Its orders are void ab initio.

Reversed and remanded with instructions.

BAKER, C.J., and ROBB, J., concur.

---

5. This also appears to be the law in Illinois. *See In re Custody of M.C.C.*, 383 Ill.App.3d 913, 323 Ill.Dec. 100, 892 N.E.2d 1092, 1097 (2008) ("[U]pon the death of the custodial parent, 'the minor child will then be considered to be in the physical custody of the surviving natural parent,' even if the child is living with someone else.").

6. Indiana has a specific statute providing for emergency placement of a child if the child's custodial parent dies. Ind.Code § 31–17–2–25. Had this case not had an inter-state dimension, this statute would have been the proper avenue for Aunt to seek relief if she thought it necessary rather than seeking a guardianship.

7. With the approval of the Vermilion County Court of Illinois, the parties are free to enter into any arrangement they may deem appropriate for the Boys.