

**FILED**

Jul 26 2018, 8:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jared Michel Thomas
Evansville, Indiana

ATTORNEY FOR APPELLEES

Jason M. Spindler
Princeton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kyle J. Wilkinson,

*Appellant-Petitioner,*

v.

Danielle A. Assante,

*Appellee-Respondent,*

And

Paul Assante and Jennifer Assante,

*Appellees-Intervenors.*

July 26, 2018

Court of Appeals Case No.
18A-DR-327

Appeal from the Gibson Circuit
Court

The Honorable Jeffrey F. Meade,
Judge

Trial Court Cause No.
26C01-1602-DR-273

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Kyle Wilkinson (Father), appeals the trial court's Order, granting Appellee-Respondent's, Danielle Assante (Mother), motion to dismiss Father's petition to modify custody of their minor children, A.W & Ai.W. (Children), pursuant to the Indiana Uniform Child Custody Jurisdiction Act.

We affirm.

# ISSUE

Father raises one issue for our review, which we restate as: Whether the trial court abused its discretion when it declined to continue its jurisdiction over the Children based on the application of the Indiana Uniform Child Custody Jurisdiction Act (UCCJA).

# FACTS AND PROCEDURAL HISTORY

Father and Mother are the biological parents of A.W., born July 2, 2009, and Ai.W., born May 16, 2010—both Children were born in New Jersey. The Parents were never married, but resided together and Father executed a paternity affidavit for both Children. During 2010 and 2011, the New Jersey Division of Youth and Family Services became involved with the family. On May 20, 2010, the Superior Court of Sussex County in New Jersey (Sussex

County trial court) awarded temporary legal and physical custody of Ai.W.[1] to Maternal Grandmother. On August 31, 2010, the Sussex County trial court continued Maternal Grandmother's temporary legal and physical custody of Ai.W. but awarded Parents supervised visitation. On February 15, 2011, the Sussex County trial court ordered physical and legal custody of Ai.W. to be transferred to Parents and on June 17, 2011, the State of New Jersey terminated its involvement with the family because the Children had been returned home and all of the conditions causing the removal of the Children had been remedied. In its Order terminating the court's involvement, the Sussex County trial court awarded primary physical custody of the Children to Mother, with joint legal custody to the Parents.

[5] In March of 2014, Parents and Children moved to Gibson County, Indiana, where they continually resided until February 2016. On February 6, 2016, Mother and the Children moved back to New Jersey, while Father continued to reside in Gibson County, Indiana. The Children have been enrolled in school in New Jersey ever since.

[6] On February 29, 2016, Father filed an emergency petition to modify custody with the Gibson County circuit court (trial court). After a hearing and by order of March 16, 2016, the trial court issued an emergency custody order, awarding emergency custody of the Children to Father. On March 18, 2016, the Sussex

---

[1] The record is silent as to whether A.W. was included in this Order, or whether she was the subject of other proceedings.

County trial court entered a handwritten order in docket No. FD-19-287-11, stating that the Children were to be returned to the custody of Father, and afforded Father the right to utilize law enforcement officers to enforce the trial court's order. Thereafter, Paul and Jennifer Assante[2] (Maternal Grandparents) intervened by filing an order to show cause under a new cause number with the Sussex County trial court requesting it to temporarily restrain Father from removing the Children from the State of New Jersey. On March 21, 2016, the Sussex County trial court temporarily restrained Father from removing the Children and ruled that Maternal Grandparents had thirty days "to file in Indiana, the home state, to obtain an order as to custody issues." (Appellant's App. Vol. II, p. 83).

[7] On April 20, 2016, Mother moved the trial court to set aside the emergency custody order and, by agreement of the parties, the trial court granted Maternal Grandparents' request to intervene in the cause pending before the Indiana court. Over the next eighteen months, the parties were involved in discovery efforts "to get discovery from [Father] and [Father's] drug treatment program" from the treatment facility. (Appellant's App. Vol. II, p. 50). Ultimately, the Maternal Grandparents, as Intervenors, obtained a motion to compel the third party for failing to comply with the Indiana Rules of Trial Procedure.

---

[2] Jennifer Assante is the stepmother of Mother and the stepgrandmother of the Children. However, for convenience sake, maternal grandfather and maternal stepgrandmother will be collectively referred to as Maternal Grandparents.

On October 26, 2017, Mother filed a motion to dismiss pursuant to the UCCJA, to which Father filed an objection on November 2, 2017. After conducting a hearing on Mother's motion, on November 27, 2017, the trial court dismissed Father's petition for custody, concluding, in pertinent part:

> Although it is certainly arguable that the Indiana court initially had jurisdiction at the time the petition was filed on behalf of [Father] in this matter, it is evident to this [c]ourt that the State of New Jersey is now the most appropriate and most convenient forum to determine the best interest of the [C]hildren as it is now the state with the closest connections to the [C]hildren and their family.

(Appellant's App. Vol. II, p. 51). On December 27, 2017, Father filed a motion to correct error, which was summarily denied by the trial court on January 9, 2018.

Father now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

Father contends that the trial court abused its discretion by dismissing his petition for custody based on the application of the UCCJA provisions. Where, as here, the issue at hand deals with an interstate custody determination, the UCCJA, which is codified at Indiana Code Chapter 31-21-5 governs. One purpose of the UCCJA is to prevent parents from seeking custody in different jurisdictions in an attempt to obtain a favorable result. *Tamasy v. Kovacs*, 929 N.E.2d 820, 825 (Ind. Ct. App. 2010). As such, "[t]he UCCJA has provisions for the determination of jurisdiction." *Id.* Under the UCCJA, an Indiana court

has an affirmative duty to question its jurisdiction when it becomes aware of an interstate dimension in a child custody dispute. *Christensen v. Christensen*, 752 N.E.2d 179, 184 (Ind. Ct. App. 2001). The trial court must first determine whether it has jurisdiction, and, if it does, whether to exercise that jurisdiction. *Id*. at 182. In determining whether a trial court has improperly exercised jurisdiction under the UCCJA, we apply an abuse of discretion standard. *Tamasy*, 929 N.E.2d at 826. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. *Id*.

[11] Where, as here, the trial court issues special findings and conclusions thereon pursuant to Indiana Trial Rule 52, "we apply the following two-tiered standard of review: whether the evidence supports the findings and whether the findings support the judgment." *Staresnick v. Staresnick*, 830 N.E.2d 127, 131 (Ind. Ct. App. 2005), *reh'g denied*. The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id*. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id*. We neither reweigh the evidence nor assess the credibility of the witnesses, but consider only the evidence most favorable to the judgment. We review conclusions of law *de novo*. *Id*.

[12] Turning to the case at hand, after the Sussex County trial court became involved with the family and granted Mother primary physical custody, with joint legal custody on June 17, 2011, the parties moved from New Jersey and

made their residence with the Children in Indiana in March of 2014. Approximately two years later, in February 2016, Mother and the Children returned to New Jersey and Father filed a petition to modify custody with the trial court in Indiana. "An Indiana court may not modify a child custody determination made by a court of another state unless an Indiana court has jurisdiction to make an initial determination under section 1(a)(1) or 1(a)(2) of [Ind. Code Ch. 31-21-5] and (1) the court of the other state determines that: (A) it no longer has exclusive, continuing jurisdiction under section 2[3] of [I.C. Ch. 31-21-5]" I.C. § 31-21-5-3. When making a determination of custody under I.C. § 31-21-5-1(a)(1), an Indiana court gains jurisdiction when "(1) Indiana is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six (6) months before the commencement of the proceeding, and the child is absent from Indiana but a parent or person acting as a parent continues to live in Indiana." Because Indiana was the home state of the Children during the six months prior to Father's filing, and the Sussex County trial court relinquished its jurisdiction by declaring Indiana to be the Children's "home state" in its order of March 21,

---

[3] Indiana Code section 31-21-5-2 states:

[] an Indiana court that has made a child custody determination consistent with section 1 or 3 of this chapter has exclusive continuing jurisdiction over the determination until:

    (1)  An Indiana court determines that: (A) neither (i) the child; (ii) the child's parents; nor (iii) any person acting as a parent; has a significant connection with Indiana; and (B) substantial evidence is no longer available in Indiana concerning the child's care, protection, training, and personal relationships; or

    (2)  An Indiana court or a court of another state determines that: (A) the child's; (B) the child's parents; and (C) any person acting as a parent; do not presently reside in Indiana.

2016, the Indiana trial court gained exclusive and continuing jurisdiction to preside over any custody disputes pertaining to the Children. (Appellant's App. Vol. II, p. 83); I.C. §§ 31-21-5-1(a)(1); -3. *See also In re Custody of A.N.W.*, 798 N.E.2d 556, 561 (Ind. Ct. App. 2003) (the court that first enters a custody decree on a matter gains exclusive jurisdiction, but that jurisdiction continues only until all parties and the children that were the subject of the decree have left the state), *trans. denied*

[13] The fundamental principle underlying the UCCJA is that once a court with a jurisdictional basis exercises jurisdiction over a "custody" issue, that court retains exclusive jurisdiction over all custody matters so long as a "significant connection" remains between the controversy and the state, and that court alone has discretion to decide whether it will defer jurisdiction to the court of another state upon the basis that the other court is a more convenient forum to litigate the issue. *In re Custody of A.N.W.*, 798 N.E.2d 556, 561-62 (Ind. Ct. App. 2003). A "significant connection" remains under the scheme as long as one parent continues to reside in the state rendering the initial determination. *Id.* Accordingly, through the passage of time and by operation of law, Indiana has now become the Children's home state.

[14] Nevertheless, the UCCJA provides that "a court with subject matter jurisdiction over a child custody dispute may nonetheless 'decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum . . . under the circumstances . . . and that a court of another state is a more

appropriate forum.'" *Stewart v. Vulliet*, 888 N.E.2d 761, 766 (Ind. 2008). In making this determination, a trial court shall consider

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state is best able to protect the parties and the child.
> (2) The length of time the child has resided outside Indiana.
> (3) The distance between the Indiana court and the court in the state that would assume jurisdiction.
> (4) The relative financial circumstances of the parties.
> (5) An agreement of the parties as to which state should assume jurisdiction.
> (6) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.
> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.
> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

I.C. § 31-21-5-8(b). This list is not exclusive, and courts may consider all relevant factors, including factors not listed. *Tamasy*, 929 N.E.2d at 827.

[15] In concluding that it was no longer the most convenient forum, the trial court considered that the Children had resided within the State of New Jersey continuously since birth, with the exception of a two-year span between March 2014 and February 2016 when they resided in Indiana. Significant family ties continue to exist in New Jersey with Maternal Grandparents and other relatives. In evaluating the case in its totality, the trial court determined that "the majority of the evidence required to resolve the pending custody litigation, would be in Sussex County, New Jersey, inasmuch as the [C]hildren themselves" continue to reside there. (Appellant's App. Vol. II, p. 49). It noted

that the Children are enrolled in school in Sussex County, the Children's therapist is located in Sussex County, and "a host of prior related cases involving not only the [C]hildren but also the [M]other and [F]ather" have previously been filed and decided in Sussex County. (Appellant's App. Vol. II, p. 49). Because "the court is not limited to considering the parties' circumstances only as they existed at the time the petition was filed, but rather can evaluate the case on a continuing basis to ensure the Children's best interests are protected," we conclude that the trial court did not abuse its discretion in declining to exercise jurisdiction over Father's petition to modify custody. *Stewart*, 888 N.E.2d at 768.

## CONCLUSION

Based on the foregoing, we hold that the trial court did not abuse its discretion when it declined jurisdiction over the Children based on the application of the UCCJA.

Affirmed.

Kirsch, J. and Vaidik, C.J. concur