Frank W. BOWLES, Jr., Appellant–
Petitioner,

v.

Monica BOWLES, Appellee–
Respondent.

No. 89A05–9905–CV–239.

Court of Appeals of Indiana.

Dec. 13, 1999.

Robert A. Garelick, Jill E. Goldenberg, Cohen Garelick & Glazier, Indianapolis, Indiana, for Appellant.

Dan L. Clayton, Indianapolis, Indiana, for Appellee.

## OPINION

KIRSCH, J.

Frank W. Bowles, Jr. (Father) appeals the decision of the trial court declining to exercise continuing jurisdiction over the determination of the custody of the minor child of Father and Monica Bowles (Mother). He raises the following issue for review:

> Whether the trial court erred in declining jurisdiction of this action pursuant to the Uniform Child Custody Jurisdiction Law (UCCJL).

We reverse.

### FACTS AND PROCEDURAL HISTORY

Father and Mother were married in January 1994. They had a son, G .B., in September 1994. The family lived in Richmond, Wayne County, Indiana. In April 1996, Father filed a petition to dissolve the marriage (Indiana action) in the Wayne Circuit Court (Indiana court). Later, Father and Mother attempted a reconciliation and in August 1996, they moved to Lima, Ohio.

The reconciliation failed, and on December 24, 1996, Mother moved with G.B. to Cook County, Illinois without Father's knowledge. Two days later, Mother cross-petitioned for dissolution in the pending Indiana action. Over the next two years, Father and Mother participated in a number of hearings and a workshop in the Indiana action. In addition, Father, Mother, and G.B. participated in three custody evaluations by the court-appointed evaluator. On October 19, 1999, the trial court set the final hearing on the dissolution petitions for March 4, 1999. On January 25, 1999, the court-appointed evaluator filed her final custodial evaluation. In the court-appointed evaluator's first two custody evaluations, she recommended that Mother should be granted custody. In her third and final report, she changed her opinion and recommended that Father be granted custody of G.B.

On February 25, 1999, Mother filed a motion to dismiss the Indiana action, claiming that Indiana was an inconvenient forum under the UCCJL. On March 2, 1999, Mother filed a petition for dissolution of marriage in a Cook County, Illinois court. The Indiana court denied Mother's

motion to dismiss and held a final hearing on the dissolution on March 4, 1999. On April 12, 1999, the Honorable Carole K. Bellows of the Cook County, Illinois court sent the Indiana court a letter advising it of Judge Bellows' belief that the Illinois court had jurisdiction of this matter and would proceed. On May 3, 1999, the Indiana court declared its dissolution decree final, but yielded jurisdiction on the custody matter to the Illinois court. Father now appeals.

## DISCUSSION AND DECISION

 Father contends that the trial court erred in declining to exercise continuing jurisdiction in this action. We review a trial court's UCCJL jurisdiction determination under an abuse of discretion standard. *Ortman v. Ortman,* 670 N.E.2d 1317, 1319 (Ind.Ct.App.1996), *trans. denied* (1997). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Pryor v. Pryor,* 709 N.E.2d 374, 376 (Ind.Ct.App. 1999). The court also abuses its discretion when it misinterprets or misapplies the law. *Id.*

 Under the UCCJL, an Indiana court has an affirmative duty to question its jurisdiction when it becomes aware of an interstate dimension in a child custody dispute. *Ashburn v. Ashburn,* 661 N.E.2d 39, 41 (Ind.Ct.App.1996), *trans. denied.* When confronting an interstate custody dispute, the trial court must engage in a multi-step analysis to determine: 1) whether it has subject matter jurisdiction; 2) whether there is a custody proceeding pending in another state which would require the court to decline its jurisdiction; and 3) whether the trial court should exercise its jurisdiction because Indiana is the convenient forum. *Largen v. Largen,* 535 N.E.2d 576, 578 (Ind.Ct.App.1989).

 In this case, the parties do not dispute that Indiana has jurisdiction. Rather, Father asserts that the trial court erred in the final step of the analysis, that is, in determining that it should decline jurisdiction because Indiana is not a convenient forum.

IC 31–17–3–7 provides the guidelines for determining whether Indiana is an inconvenient forum. It states:

"(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

. . .

(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

(1) if another state is or recently was the child's home state;

(2) if another state has a closer connection with the child and his family or with the child and one (1) or more of the contestants;

(3) if substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

(4) if the parties have agreed on another forum which is no less appropriate; and

(5) if the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 1 of this chapter."

 We agree that the trial court erred in finding that Indiana is an inconvenient forum for the resolution of this case. The case has been pending before the Indiana court for three years. It is in G.B.'s best interest for the case to be resolved as quickly as possible. The Indiana court has already heard the evidence and stands ready to render a decision. No other court can claim this.

Thus, Indiana is not an inconvenient forum. Further, the UCCJL states that it should be construed to promote the general purposes listed in IC 31–17–3–1. One such purpose is to "discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child." IC 31–17–3–1(a)(4). This purpose would be served by allowing the Indiana court to resolve this controversy immediately. Moreover, in the case of a conflict between promoting an orderly system of decisions and protecting the best interest of the child, the UCCJL makes the best interest of the child predominate. *Clark v. Clark*, 404 N.E.2d 23, 33 (Ind.Ct. App.1980). Thus, the Indiana court should have continued to exercise its jurisdiction even though the Illinois court disagreed with that decision. G.B.'s best interest lies with the Indiana court continuing to exercise jurisdiction and rendering a decision expeditiously.

Further, there is no state with a closer connection to this controversy than Indiana. Although the parties now all live out of state, the Indiana court has already invested years of resources in resolving this matter. Further, a court-appointed evaluator has prepared three separate evaluations after interviewing and observing the parties. For the final evaluation, Mother even brought her other children, G.B.'s half-siblings, who live in her home so the evaluator could observe their relationships with G.B. This consideration also weighs in favor of not finding Indiana an inconvenient forum.

Moreover, the parties have not agreed to have the custody issue determined by the Illinois court. Father objects to allowing the Illinois court determine the matter, so this statutory consideration weighs in favor of retaining jurisdiction in Indiana.

Mother argues that Illinois is the convenient forum to exercise jurisdiction in this case because G.B. has lived there for the past two years and evidence about his care can be found there. Mother's argument fails because this case has progressed be-yond the stage of the proceedings at which such a consideration is relevant. Indiana counsel for both Mother and Father have already gathered and presented the evidence about G.B.'s custody and care to the Indiana court, which has heard such evidence and is ready to render a decision. This consideration weighs in favor of Indiana as a convenient forum.

■ Mother contends that Illinois is the convenient forum because she and G.B. live in Illinois. However, Mother engaged in the Indiana action for two years after moving to Illinois without complaining that Indiana was an inconvenient forum. Moreover, Father lives in Ohio. Illinois is not a convenient forum for him. Further, the home state of the child is only one of a number of statutory considerations in the inconvenient forum analysis, all of which factor into the larger issue of what is in the best interests of the child.

■ In this case, Mother seemed prepared to allow the Indiana court to proceed until she received the final, unfavorable custody evaluation. One month later, and more than two years after she counter-petitioned in Indiana, she filed her petition for divorce in Illinois. Mother's Illinois filing came on the eve of the Indiana trial, at which she appeared and presented evidence seven days later. The timing and sequence of events in this case gives the appearance of an attempt to manipulate the UCCJL to gain a favorable result. We cannot allow such manipulation to be rewarded. The two primary purposes of the UCCJL are to discourage forum shopping and to protect the best interests of the child. *Clark*, 404 N.E.2d at 33. Both of these purposes would be served by the Indiana court continuing to exercise jurisdiction over this case.

Reversed.

SHARPNACK, C.J., and RILEY, J., concur.