

**FILED**

May 11 2015, 10:55 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Michael H. Michmerhuizen
Fort Wayne, Indiana

Cornelius B. Hayes
Hayes & Hayes
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer L. Barwick,<br>*Appellant-Respondent,*<br><br>v.<br><br>Joseph A. Ceruti,<br>*Appellee-Petitioner* | May 11, 2015<br><br>Court of Appeals Case No.<br>02A05-1407-DR-350<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Charles F. Pratt, Judge<br><br>Case No. 02D08-1306-DR-841 |

**Vaidik, Chief Judge.**

# Case Summary

Jennifer Barwick (Mother) moved to Indiana from Canada in March 2013. She lived with Joseph Ceruti (Father) and became pregnant six weeks later. Mother and Father were married in May 2013. After marital difficulties, Mother returned to Canada three months after she arrived in Indiana. Father filed a

petition for dissolution and a motion to preserve and retain jurisdiction of final orders for the child that was expected to be born on December 25, 2013. Following a hearing where Mother appeared telephonically, the trial court issued a December 2, 2013 order concluding that it had jurisdiction over the unborn child's custody. When the child was born two weeks later, Mother did not tell Father about the child's birth or include Father's name on the birth certificate. On December 20, the Ontario Superior Court of Justice, which is the Canadian trial court, issued an ex parte order that K.M. would reside with Mother. In May 2014, the Indiana trial court held a hearing on the dissolution petition and awarded custody of the child to Father.

[2] Mother argues that the trial court never obtained exclusive and continuing jurisdiction and, even if it did, the court should have deferred jurisdiction to the Canadian court when it became involved in the case at the end of December 2013. However, because the trial court made a child-custody determination, we find no error. Mother also argues that even if the Indiana court had jurisdiction, it should have relinquished it to Canada because Canada is a more appropriate forum. However, our review of the evidence reveals that Indiana was the appropriate forum, and the trial court did not err. We therefore affirm the trial court.

## Facts and Procedural History

[3] On March 2, 2013, Mother arrived in Fort Wayne, Indiana, from Ontario, Canada, and moved in with Father, an established local business owner. Six

weeks later, Mother was pregnant. Father and Mother were married on May 13, 2013, in Florida. Mother listed her Indiana address on the marriage license. Because of marital difficulties, Mother told Father that she was returning to Canada. On June 18, Father filed a petition for dissolution.

[4] On July 5, 2013, counsel Melissa Avery filed an appearance on behalf of Mother. On August 5, 2013, Father filed a motion to preserve and retain jurisdiction of final orders concerning custody, parenting time, and child support for the child of the marriage that was expected to be born on December 25, 2013. Four days later, Avery filed a motion to withdraw. On August 28, 2013, counsel Christopher LaPan filed an appearance on behalf of Mother. That same day, Mother filed a petition to annul the parties' marriage, a motion for an expedited hearing on her petition, and a motion for telephonic testimony wherein she conceded that the trial court had "ongoing jurisdiction over the subject matter and parties in this cause of action." Appellee's App. p. 4. On October 9, 2013, Mother filed a motion to dismiss her petition to annul, which the trial court granted. Less than a week later, attorney Christopher LaPan filed a motion to withdraw his appearance.

[5] On October 21, 2013, the trial court held a hearing on Father's motion to preserve and retain jurisdiction of the final orders concerning custody, parenting time, and child support. Mother telephoned the trial court from Canada during the hearing and requested a continuance. The trial court denied Mother's request but allowed her to participate in the hearing by telephone. At the hearing, Father testified that Mother had previously demanded that he pay her

$100,000 if he wanted to prevent her from getting an abortion. After returning to Canada, Mother also became involved in a sexual relationship with a former boyfriend who had previously threatened to kill her. Father expressed concern for the health and safety of his unborn child.

[6] On December 2, 2013, the trial court issued an order finding that the parties' child was not yet born, there was no case pending in Canada, Father had never been to Canada, K.M. was conceived in Indiana, the parties lived together in Indiana, and Father had a business in Indiana. Based on these findings and the Uniform Child Custody Jurisdiction Act (UCCJA), the trial court concluded that pursuant to *Stewart v. Vulliet*, 888 N.E.2d 761 (Ind. 2008), it had the authority to exercise jurisdiction over the issue of the unborn child's custody. In this order, the trial court awarded Father "full and co-equal parenting time rights with regard to the child when born." Appellant's App. p. 41. The trial court also ordered Mother to include Father's name on the child's birth certificate when the child was born and to provide Father with her current address. The trial court further ordered Mother to execute consent for the exchange of information with regard to the child's prenatal, birth, and post-birth medical care.

[7] The parties' child, daughter K.M., was born on December 11, 2013. Mother did not notify Father of their child's birth or include his name on the child's

birth certificate.[1] On December 20, the Ontario Superior Court of Justice (Court of Justice) issued an ex parte order that K.M. would reside with her mother and was not to be removed from Ontario. The Court of Justice also ordered Mother to "issue an application for custody of the child . . . together will all supporting material on or before February 1, 2014 and serve that material on the respondent, [Father]." Appellant's App. p. 117. On January 31, 2014, the Court of Justice stayed Mother's custody application "pending argument of the jurisdictional question." Appellee's App. p. 34. On March 19, 2014, Justice Patterson of the Court of Justice issued an order finding that the Court of Justice had jurisdiction over the custody of the child. Specifically, the justice recognized that there was an outstanding custody order in Indiana but concluded that the custody order was granted before K.M. was born and was "of no force or effect in Ontario." Appellant's App. p. 122. Accordingly, Justice Patterson permitted Mother to proceed with her custody application.

[8] On May 9, the Indiana trial court held a hearing on the dissolution petition. Testimony at the hearing revealed that Mother would not allow Father to see his daughter. Mother received an ex parte protective order against Father and told him she would contact the police if he entered her property. She also threatened to have Father arrested at the Canadian border. Father testified that Mother had given their daughter a surname that was neither Father's nor

---

[1] Father learned of his daughter's birth and saw her first picture on a social-media site two weeks after she was born.

Mother's. Father was not listed on his daughter's birth certificate so he was not able to apply for citizenship for her or get her a passport. Father estimated he had spent $250,000 on American and Canadian attorneys, experts, and private investigators in an unsuccessful attempt to meet his daughter. Father further testified that Mother's brother sent him a threatening email. Last, Father testified that he had a nursery prepared for K.M. and had hired a nanny to assist him. He had also found a pediatrician and researched schools in Fort Wayne.

[9] On July 10, 2014, the trial court took judicial notice of its December 2013 order and issued an order dissolving the parties' marriage and determining custody. Specifically, the trial court found that K.M.'s interests were best served by the trial court exercising jurisdiction over custody.

[10] The trial court further concluded that Indiana was the appropriate forum to hear the case for the following reasons: 1) although Father has no history of domestic violence, Mother has been involved in a relationship with a man who threatened her; 2) although K.M. has resided in Canada since her birth, her current domicile is a direct result of Mother's conduct; 3) given K.M.'s young age, there are no significant bonds binding her to either jurisdiction because she has not yet started any school, religious, or community program that would provide greater evidence regarding her best interests in Canada; 4) Father is a business owner who has the ability to provide for K.M.'s needs while Mother's income is more limited; 5) the distance between Windsor, Canada, and Fort Wayne is 166 miles, which is an approximately three-hour drive; 6) although

Mother has said she was not able to enter the United States to participate in a custody proceeding, immigration attorneys testified she could enter the country if she presented documentation of the divorce; 7) Mother obtained an ex parte order in Canada precluding Father from contacting her, and she has not complied with any of the trial court's orders that were calculated to preserve Father's rights to K.M., such as Mother placing his name on the birth certificate or even advising him of his daughter's birth; 8) Mother did not challenge jurisdiction at the beginning of the case; 9) significant evidence about the marriage, the marital estate, and the circumstances of the parties' relationship exists in Indiana; 10) ex parte orders have been put in place against Father in Canada, but Mother has been afforded due process in Indiana; and 11) the present case was the first one initiated with regard to the marriage and custody of the child, and Mother has had the opportunity to participate in all hearings. Father has not participated in the Canadian proceedings.

[11]     After determining that it had jurisdiction over the custody of K.M. and that Indiana was the appropriate forum, the trial court awarded custody of the child to Father. Mother appeals.[2]

# Discussion and Decision

---

[2] On October 2, 2014, the Court of Appeal for Ontario affirmed the Court of Justice's March 19, 2014 order and on November 14, 2014, the Court of Justice awarded custody of K.M. to Mother and ordered Father to pay Mother $1,077 per month in child support.

# I. Jurisdiction

[12] Mother first contends that the trial court did not have "jurisdiction over the custody of K.M." Appellant's Br. p. 11. Specifically, she appears to argue that the Indiana trial court never obtained exclusive and continuing jurisdiction over the case, and even if it did, it should have deferred jurisdiction to Canada when the Court of Justice issued its ex parte order on December 20, 2013, preventing the removal of K.M. from Canada.

[13] Mother, however, has waived appellate review of this issue because she expressly consented to the trial court's authority to determine her daughter's custody when she conceded that the trial court had "ongoing jurisdiction over the subject matter and parties in this cause of action" after Father filed his motion to preserve and retain jurisdiction of final orders concerning custody and parenting time, Appellee's App. p. 4, requested a continuance of the October 21, 2012 hearing on this motion, and subsequently participated in the hearing telephonically when her motion was denied. *See Williams v. Williams*, 555 N.E.2d 142, 145 (Ind. 1990) (stating that Mother's express consent to trial court's authority to determine custody resulted in waiver of jurisdictional issue); *Paternity of B.J.N.*, 19 N.E.3d 765, 769 (Ind. Ct. App. 2014) (explaining that Father waived his challenge to trial court's jurisdiction when he consented to trial court appointing guardian for his daughter).

[14] Waiver notwithstanding, we find no error. Under the UCCJA, an Indiana court has an affirmative duty to question its jurisdiction when it becomes aware

of an interstate dimension in a child-custody dispute.[3] *Bowles v. Bowles,* 721 N.E.2d 1247, 1249 (Ind. Ct. App. 1999). When confronting an interstate custody dispute, the trial court must engage in a multi-step analysis to determine: 1) whether it has subject-matter jurisdiction; 2) whether there is a custody proceeding pending in another state which would require the court to decline its jurisdiction; and 3) whether the trial court should exercise its jurisdiction because Indiana is the most convenient forum. *Id.*

[15] We review a trial court's UCCJA jurisdiction determination for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* The court also abuses its discretion when it misinterprets or misapplies the law. *Id.*

[16] The UCCJA provides that a trial court has jurisdiction if Indiana is the home state of the child when the proceedings were commenced or the home state declines to exercise jurisdiction. Ind. Code § 31-21-5-1. For the purposes of the UCCJA, the home state of a child less than six months old is the state in which the child has lived since birth with a parent. Ind. Code § 31-21-2-8.

---

[3] Although neither party challenges the status of Canada as a state under the UCCJA, we note that the statute defines "State" as a "state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or a territory or an insular possession subject to the jurisdiction of the United States." Ind. Code § 31-21-2-19. However, this Court has broadly interpreted "state" to include foreign countries. *See Ruppen v. Ruppen*, 614 N.E.2d 577 (Ind. Ct. App. 1993) (concluding Italy was a "state" for the purposes of the UCCJA, which was known as the UCCJL before its recodification in 2007).

[17] However, where, as here, a parent files his or her petition before the child is born, the child does not have a home state when the proceedings were commenced, and no other state has custody jurisdiction over her because she has not been born, Indiana has child-custody jurisdiction. *See Stewart*, 888 N.E.2d at 765. This jurisdiction is exclusive and continuing so long as the Indiana court has made a child-custody determination. Ind. Code § 31-21-5-2. A child-custody determination is a "court order providing for . . . legal custody, physical custody, or visitation . . . ." Ind. Code § 31-21-2-4.

[18] Here, Mother first argues that the Indiana court did not have exclusive and continuing jurisdiction because it did not issue a legal or physical custody order before the Canada court's December 20 order. However, a child-custody determination also includes a visitation order. *See id.* The trial court's December 2, 2013 order awarded Father "full and co-equal parenting time rights with regard to the child when born." Appellant's App. p. 41. The phrase "parenting time" is now used instead of the term "visitation" to emphasize the importance of time spent with the child. *J.M. v. N.M.*, 844 N.E.2d 590, 599 n.6 (Ind. Ct. App. 2006). Because the trial court's December 2, 2013 order provided for visitation, the trial court assumed exclusive and continuing jurisdiction at that time.

[19] We further note that although Canada later became K.M.'s home state, Indiana did not necessarily lose jurisdiction. *See Stewart*, 888 N.E.2d at 766. "The mere fact that the child and her custodial parent live in another state does not compel dismissal." *Id.* Although the physical presence of the child is desirable, it is not

a prerequisite for jurisdiction to determine custody. Ind. Code § 31-21-5-1(c). Here, the trial court issued a child-custody determination on December 2, 2013. Because a custody case was already pending in Indiana in conformity with the UCCJA, when K.M. was born on December 11, the Indiana trial court could have either continued jurisdiction or deferred it to Canada. *See Stewart*, 888 N.E.2d at 766. In its July 10, 2014 order, the trial court determined that it would continue to exercise jurisdiction over the case. Specifically, the trial court explained that Father has never lived in Canada, Mother lived in Indiana, K.M. was conceived in Indiana, Father owns a business and real estate in Indiana, Mother only recently became employed in Canada, and the parties own real estate in Indiana. Based upon this evidence, the trial court did not abuse its discretion in continuing jurisdiction over K.M.'s custody.

# II. Appropriate Forum

[20] Mother next argues that even if the trial court has jurisdiction, Indiana is not the appropriate forum. Under the UCCJA, a trial court may decline to exercise its jurisdiction any time before issuing a decree if it finds that it is an inconvenient forum and that a court of another state is a more appropriate forum. Ind. Code § 31-17-3-7. A court's decision as to whether to exercise jurisdiction is reviewable for an abuse of discretion. *Stewart*, 888 N.E.2d at 766. In reviewing the court's decision, we consider only the evidence most favorable to the decision and reverse only where the result is clearly against the logic and effect of the facts and the reasonable inferences to be drawn therefrom. *Id.*

In determining whether to relinquish its jurisdiction to a more convenient forum, a court is required to consider whether it is in the child's interest that another state assume jurisdiction. *Id.* In making that determination, the court may consider the following factors:

> (1) Whether domestic violence has occurred and is likely to continue in the future and which state is best able to protect the parties and the child;
>
> (2) The length of time the child has resided outside Indiana;
>
> (3) The distance between the Indiana court and the court in the state that would assume jurisdiction;
>
> (4) The relative financial circumstances of the parties;
>
> (5) An agreement of the parties as to what state should assume jurisdiction;
>
> (6) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony;
>
> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
>
> (8) The familiarity of the court of each state with the facts and issue in the pending litigation.

Ind. Code § 31-21-5-8(b).

Here, the trial court thoroughly reviewed each of these factors and noted that 1) Father has no history of domestic violence, but Mother was involved with a man who threatened her; 2) although K.M. has resided in Canada since her birth, her current domicile is a direct result of Mother's conduct; 3) the Indiana trial court is three hours from Ontario, Canada; 4) Father is a longtime business

owner who has the resources to provide for K.M.'s needs while Mother's income is more limited; 5) K.M. has no significant bonds to either jurisdiction because she has not yet started any school, religious, or community program that would provide greater evidence regarding her best interests in Canada; 6) Mother has obtained an ex parte order in Canada precluding Father from contacting her and has not complied with any of the Indiana trial court's orders that were calculated to preserve Father's rights to K.M.; 7) Mother did not challenge the Indiana trial court's jurisdiction at the beginning of the case; 8) significant evidence about the marriage, the marital estate, and the circumstances of the parties' relationship exists in Indiana; 9) ex parte orders have been issued against Father in Canada, but there are no such orders against Mother in Indiana; and 10) the present case was the first one initiated with regard to the marriage and custody of the child.

[23] We further note that the two primary purposes of the UCCJA are to discourage forum shopping and to protect the best interests of the child. *Bowles*, 721 N.E.2d at 1250. Both of these purposes would be served by the Indiana court continuing to exercise jurisdiction over the case. The trial court did not abuse its discretion in concluding that Indiana is a convenient forum for the resolution of this case.

[24] Affirmed.

Baker, J., and Riley, J., concur.