# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2020, 10:22 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Marriage of: | October 26, 2020 |
| Rebecca Brown, | Court of Appeals Case No. 20A-DC-1027 |
| *Appellant-Petitioner,* | Appeal from the Boone Superior Court |
| v. | The Honorable Matthew C. Kincaid, Judge |
| Eric Brown, | Trial Court Cause No. 06D01-1911-DC-1767 |
| *Appellee-Respondent.* | |

**Kirsch, Judge.**

[1] Rebecca Brown ("Mother") appeals the trial court's order that granted the petition to transfer jurisdiction to Illinois filed by Eric Brown ("Father") and found that Indiana is an inconvenient forum and Illinois is the more

appropriate forum to resolve all pending child custody and parenting time issues. Mother raises the following restated issues for our review:

> I. Whether the trial court erred in its judgment that Illinois is the more appropriate forum because the evidence presented did not support several of the trial court's findings; and

> II. Whether the trial court erred when it found that pursuant to Indiana Code section 31-18.5-2-2, the Uniform Interstate Family Support Act, Illinois solely had jurisdiction over child support.

We affirm.

## Facts and Procedural History

Mother and Father were married on October 21, 2017 in Illinois, and both parties resided in Illinois until the end of 2019. *Ex. Vol. 3* at 191. During the course of the marriage, a child, L.B.B. ("Child"), was born on October 22, 2019. *Id.*; *Appellant's App. Vol. 2* at 11. Mother and Father separated on September 14, 2019. *Appellant's App. Vol. 2* at 11. After the parties separated and before Child was born, on September 26, 2019, Mother obtained a driver's license in Indiana and changed her address to Zionsville, Indiana. *Id.* at 22-27. However, Mother never told Father that she planned to move to Indiana, and Father thought Mother was still living in Illinois up until November 2019. *Tr. Vol. 2* at 25-26, 52, 53; *Ex. Vol. 3* at 197.

[4]     On October 21, 2019, one day before Child was born, Father sent flowers for their anniversary to Mother at her workplace in Illinois, and although she acknowledged that the flowers were delivered and sent Father a picture of them sitting on her desk, she did not inform Father that she was actually in Indiana on that date and that she received the picture of the flowers from her boss in Illinois. *Tr. Vol. 2* at 57; *Ex. Vol. 3* at 199. Child was born in Indiana on October 2, 2019, but prior to the date of birth, Father was not aware that Child would be born in Indiana. *Ex. Vol. 3* at 191; *Appellant's App. Vol. 2* at 11; *Tr. Vol. 2* at 29. A few days prior to Child's birth, Father asked Mother to tell him the name of the hospital that Child would be born in, and Mother informed Father that Child would be born at CDH, a hospital in Illinois, even though she knew that was not true. *Tr. Vol. 2* at 28, 55; *Ex. Vol. 3* at 188-89.

[5]     After Child was born, on approximately October 29, 2019, Mother and Child came to Illinois and lived with Mother's parents for several weeks. *Tr. Vol. 2* at 22; *Ex. Vol. 3* at 92-112. During this time, Father was able to visit with Child on several occasions at the home of Mother's parents. *Tr. Vol. 2* at 23; *Ex. Vol. 3* at 92-112. Father's last visit with Child in Illinois was on November 17, 2019. *Tr. Vol. 2* at 23.

[6]     On November 25, 2019, Mother filed a petition for custody, parenting time, and child support in Indiana, in which she alleged that both she and Child were residents of Indiana and that Father was a resident of Illinois. *Appellant's App. Vol. 2* at 8-9. Mother also alleged that Indiana had jurisdiction to make an initial custody determination and requested that she receive sole legal and

physical custody of Child and that Father receive parenting time in accordance with Indiana's parenting time guidelines. *Id*. The trial court in Indiana set the petition for hearing on December 20, 2019. *Id*. at 3.

On December 11, 2019, Father filed a petition for dissolution of marriage in Illinois and requested the trial court in Illinois to determine that it is in the best interests of Child that "allocation of parental time be apportioned by and amongst the parties on an equal basis and that the parties jointly share in the decision making authority regarding the parental responsibilities" for Child and that child support be determined according to Illinois law. *Id*. at 15-18. On December 13, 2019, Father filed a Notice of Interstate Custody Dispute and a motion to dismiss Mother's petition with the Indiana trial court, in which he asserted that the Indiana trial court did not have subject matter or personal jurisdiction. *Id*. at 11-14.[1] Father alleged that he and Mother were residents of Illinois and that Indiana is not the home state of Child because Mother's primary residence was in Illinois, she had resided in Illinois throughout her pregnancy, her employment was in Illinois, she returned to Illinois to reside for several weeks after Child was born, and Mother was deceptive regarding her whereabouts and intentions. *Id*. at 12. Father also asserts that the Indiana trial court did not have personal and subject matter jurisdiction to make a child

---

[1] In filing Father's motions and objections to the jurisdiction of Indiana over custody and child support, Father's attorneys only filed a limited appearance. *See Appellant's App. Vol. 2* at 11, 30, 41.

support determination pursuant to the Uniform Interstate Family Support Act. *Id*. at 13.

[8] On December 17, 2019, Mother filed an objection to Father's motion to dismiss, in which she asserted that she was a resident of Indiana since September 2019 and that Child was also a resident of Indiana because he was born in Indiana and lived in Indiana his entire life except for a few trips to Illinois to allow Father visitation. *Id*. at 20-21. Mother attached several exhibits to her objection to show that she had been a resident of Indiana since September 26, 2019, including a driver's license, a change of address acknowledgment from the post office, a letter from her credit card company, a library card, and paystubs. *Id*. at 22-27.

[9] On December 17, 2019, Father filed a response to Mother's objection, alleging that Mother was not being forthright in her objection because her property, the marital residence, is located in Illinois and her employer was an Illinois company. *Id*. at 31. He further argues that, even if Mother resided in Indiana, she had been deceptive to Father regarding where she was living. *Id*. at 32. Father also asserted that Indiana did not have personal jurisdiction over him and could not make a child support determination. *Id*. at 33.

[10] On December 20, 2019, the trial court held a hearing on Mother's petition for an initial custody determination and Father's motion to dismiss. *Id*. at 40.

Father did not personally appear[2] but appeared by limited appearance by his counsel.[3] *Id*. After hearing argument regarding the motion to dismiss and evidence on Mother's petition for custody, the trial court denied Father's motion to dismiss and found it had authority to make an initial custody determination. *Id*. The trial court ordered that Mother have primary custody of Child and that Father have parenting time according to Indiana parenting time guidelines; the trial court also took Mother's request for child support under advisement. *Id*.

On January 18, 2020, Father filed a Petition to Transfer Jurisdiction to Illinois Pursuant to Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), in which he alleged that Indiana is an inconvenient forum under the circumstances and that Illinois is the more convenient and appropriate forum to make child support and custody determinations. *Id*. at 41-45. Father alleged that although Mother and Child were currently in Indiana, Mother had fled to Indiana from Illinois without the knowledge or consent from Father and intentionally misled Father to believe she was still in Illinois and would be giving birth to the minor child in Illinois. *Id*. at 42. He also asserted that Child and both Mother and Father have significant connections with Illinois in that both parties resided in Illinois during the marriage, Mother owned real

---

[2] Father did not appear on advice of his counsel because he did not want to risk waiving personal jurisdiction on the child support issue, which he risked waiving if he appeared at the hearing. *Tr. Vol. 2* at 4, 36.

[3] Father's counsel informed the trial court that her appearance at the hearing was a limited appearance and that she was appearing only to contest jurisdiction and to argue the motion to dismiss. *Tr. Vol. 2* at 2, 3, 4.

property in Kane County, Illinois, Child was conceived in Illinois, Mother received virtually all of her prenatal care in Illinois, and both parties are or were employed on a full-time basis in Illinois. *Id*. at 43. Father further argued that Illinois was the more convenient forum because: (1) the Indiana trial court lacked personal and subject matter jurisdiction to make a child support determination pursuant to the Uniform Interstate Family Support Act ("UIFSA") and did not have personal jurisdiction over Father; (2) the parties owned property in and are residents of Illinois, which meant that Illinois had personal and subject matter jurisdiction over child support; (3) neither party could file a petition for dissolution in Indiana because neither party had been a resident of Indiana for six months; and (4) Illinois was the more convenient and appropriate forum to address the child-related issues to avoid two different courts making decisions regarding Child. *Id*. at 43-44. On January 9, 2020, Mother filed an objection to Father's petition to transfer jurisdiction, claiming that, pursuant to the UCCJEA, the only state with jurisdiction is Indiana as it is Child's home state and that Illinois would be an inconvenient forum because "everything from [Child's] life is in Indiana, including his pediatrician, hospital records, the daycare places Mother contacted . . ., all of his belongings, his surgeons . . .[,]" and that Mother would have to bring more than ten witnesses to Illinois. *Id*. at 46-49.

[12] On January 24, 2020, the Indiana trial court had a telephonic conference with the Illinois trial court and discussed that a request for an order of child support was under advisement in Indiana and that Father also had a pending motion to

transfer jurisdiction to Illinois, and Mother had asked for a final hearing on custody. *Id*. at 51. The Illinois trial court stated that a hearing was set in Illinois on provisional matters related to the dissolution, and the Indiana trial court explained that it would be ruling on the child support issue under advisement and setting the other pending motions for hearing. *Id*. Thereafter, on January 27, 2020, the trial court in Indiana issued an order finding that "for purposes of child support establishment governed by the [UIFSA] which governs personal jurisdiction for . . . child support determinations [that] Indiana lack[ed] personal jurisdiction over [Father]" to order him to pay child support and denied Mother's request for a weekly child support order. *Id*. at 52. Mother filed a motion to reconsider or to correct error on the decision denying to award child support or in the alternative to dismiss Father's motion to transfer jurisdiction. *Id*. at 53-56. Father filed a response and objection to this motion. *Id*. at 57-60. Mother then filed a motion to either strike Father's pleadings or to find that Father had submitted to the jurisdiction of Indiana by filing the pleadings. *Id*. at 61-63.

[13] On March 3, 2020, a hearing was held on Father's motion to transfer jurisdiction to Illinois pursuant to the UCCJEA. *Tr. Vol. 2* at 19. At the hearing, Father testified that he was seeking to transfer jurisdiction to Illinois because it was inconvenient for him to travel to Indiana and that Mother would already have to travel to Illinois to litigate issues of child support. *Id*. at 24, 34. Father also testified that he had no reason to believe that the Illinois court could not handle the issues of custody and that there was a hearing concerning child

support set for March 5, 2020 in the Illinois court. *Id*. at 24-25. Father testified that he believed that Mother filed her petition for custody in Indiana because of the difference between the two states' laws, and Mother testified that she was aware on the date that the petition for custody was filed that Illinois had no parenting time guidelines and could favor either party as opposed to Indiana that has set parenting time guidelines. *Id*. at 30-31, 55, 74. Mother also testified that all of her witnesses and Child's activities, which included Child's doctors, swimming instructor, the library, the church they attended, breast feeding support group, mother's group, and daycare, were located in Indiana and these witnesses would have to travel to Illinois at Mother's expense. *Id*. at 60, 63-64.

[14] On April 28, 2020, the trial court issued an order that concluded that Indiana is an inconvenient forum and that Illinois is the more appropriate forum to resolve all of the pending child custody and parenting time issues and ordered that all proceedings in Indiana were to be stayed and the jurisdiction of all issues regarding child custody and parenting time of Child were to be transferred to the Circuit Court of Kane County, Illinois. *Appellant's App. Vol. 2* at 64-70. On April 28, 2020, the trial court also issued an order denying as moot Mother's motion to strike Father's pleadings or to find Father had submitted to the jurisdiction of Indiana. *Id*. at 71. On May 1, 2020, Mother filed a motion to correct error or reconsider, arguing that the evidence did not support the trial court's findings. *Id*. at 72-76. Mother now appeals.

# Discussion and Decision

[15] We begin by noting that Father has not filed an appellee's brief. When an appellee fails to file a brief, we need not undertake the burden of developing an argument on appellee's behalf. *C.V. v. C.R.*, 64 N.E.3d 850, 852 (Ind. Ct. App. 2016). Instead, applying a less stringent standard of review, we may reverse the trial court's judgment if the appellant can prove a case of *prima facie* error. *Id.* "*Prima facie* error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'" *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

[16] Mother argues that the trial court erred in its order transferring jurisdiction to Illinois as the more appropriate forum because the evidence did not support the trial court's findings. Where, as here, the trial court issued special findings and conclusions thereon pursuant to Indiana Trial Rule 52, our review of such findings and conclusions is two-tiered. *In re Paternity of D.T.*, 6 N.E.3d 471, 474 (Ind. Ct. App. 2014). First, we consider whether the evidence supports the findings, and second, whether the findings support the judgment. *Coulibaly v. Stevance*, 85 N.E.3d 911, 915 (Ind. Ct. App. 2018). The trial court's findings and conclusions will be set aside only if they are clearly erroneous -- that is, where a review of the record leaves us with a firm conviction that a mistake has been made. *Id*. at 915-16. In conducting our review, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id*. at 916. Instead, we will consider only the evidence favorable to the trial court's judgment. *Id*.

# I.     Jurisdiction for Custody

[17]    Mother contends that the trial court erred when it found that Indiana is an inconvenient forum to determine custody and parenting time issues and that Illinois is a more appropriate forum to determine those issues. "'The fundamental principle underlying the UCCJA is that once a court with a jurisdictional basis exercises jurisdiction over a custody issue, that court retains exclusive jurisdiction over all custody matters so long as a significant connection remains between the controversy and the state.'" *In re Paternity of J.G.L.*, 107 N.E.3d 1086, 1090 (Ind. Ct. App. 2018) (quoting *In re Custody of A.N.W.*, 798 N.E.2d 556, 561 (Ind. Ct. App. 2003), *trans. denied*). As long as one parent continues to reside in Indiana, a "significant connection" to Indiana remains, but a trial court has discretion to defer to another court that is a more convenient forum to litigate the issues. *Id*.

[18]    Under the UCCJA, a trial court may decline to exercise its jurisdiction any time before issuing a decree if it finds that it is an inconvenient forum and that a court of another state is a more appropriate forum. *Barwick v. Ceruti*, 31 N.E.3d 1008, 1014 (Ind. Ct. App. 2015). In determining whether to relinquish its jurisdiction to a more convenient forum, a court is required to consider whether it is in the child's best interest that another state assume jurisdiction. *Id*. Indiana Code section 31-21-5-8 provides:

> (a) An Indiana court that has jurisdiction under this article to make a child custody determination may decline to exercise its jurisdiction at any time if the Indiana court determines that:

(1) the Indiana court is an inconvenient forum under the circumstances; and

(2) a court of another state is a more appropriate forum.

The issue of inconvenient forum may be raised on motion of a party, the court's own motion, or request of another court.

(b) Before determining whether an Indiana court is an inconvenient forum, the Indiana court shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the Indiana court shall allow the parties to submit information and shall consider the relevant factors, including the following:

(1) Whether domestic violence has occurred and is likely to continue in the future and which state is best able to protect the parties and the child.

(2) The length of time the child has resided outside Indiana.

(3) The distance between the Indiana court and the court in the state that would assume jurisdiction.

(4) The relative financial circumstances of the parties.

(5) An agreement of the parties as to which state should assume jurisdiction.

(6) The nature and location of the evidence required to resolve the pending litigation, including the child's testimony.

> (7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence.

> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

Ind. Code § 31-21-5-8(a), (b). We have held that this "list is not exclusive, and that courts may consider all relevant factors, including factors not listed in Indiana Code section 31-21-5-8(b)." *Tamasy v. Kovacs*, 929 N.E.2d 820, 827 (Ind. Ct. App. 2010).

[19] Mother argues that the trial court erred in determining that Illinois is the more appropriate forum to decide the issues of custody and parenting time because the evidence presented at the hearing did not support the trial court's findings. She first contends that the trial court erred in finding that "just prior to filing in Indiana, Mother resided in Illinois" and "text messages between the parties were submitted evidencing the Mother had been living with her parents who reside in Illinois, for some time after [Child] was born." *Appellant's App. Vol. 2* at 66-67. Mother asserts that the evidence presented did not support these findings.

[20] The evidence most favorable to the trial court's judgment showed that, although Mother submitted evidence that she moved to Indiana in September 2019 and Child was born in Indiana on October 22, 2019, shortly after Child was born, on October 29, 2019, Mother moved back to Illinois and was living with her parents for several weeks. *Tr. Vol. 2* at 22; *Ex. Vol. 3* at 92-114. Mother

sent text messages to Father in which she stated that she was living with her parents in Illinois because Child was a newborn and she appreciated the support and help from them. *Ex. Vol. 3* at 95. During the weeks between October 29 and November 17, 2019, Father was able to visit with Child frequently and Mother's text messages, which created a reasonable inference that she was residing in Illinois at her parents' home for this approximately three-week period, especially considering that the evidence showed that it was an approximately six-hour round trip to get between her parents' home in Illinois and the house where she was living in Indiana. *Id*. at 92-114; *Tr. Vol. 2* at 23, 58. Her text messages also made references to her travel back and forth between the states, and they showed that she arrived in Illinois on October 29, 2019 and stayed in Illinois until November 17, 2019 with a two-day trip back to Indiana November 8-10. *Ex. Vol. 3* at 92-114; *Tr. Vol. 2* at 23. Much of Mother's argument focuses on the time prior to the birth of Child and Father's knowledge that she was in Indiana at that time; however, the trial court's findings addressed the span of time after Child was born and Mother filed her petition, which was about a month. Looking at the evidence most favorable to the trial court's judgment, we conclude that the evidence presented supported these findings.

[21] Mother next asserts that the evidence did not support the following findings by the trial court: (1) "few records exist in Indiana that would impede or otherwise delay decisions out of the Illinois Court"; (2) the trial court is "unaware of any reason to believe that the Illinois Court could not handle custody matters

expeditiously"; (3) "neither [c]ourt has more familiarity with the facts and issues pending than the other"; and (4) "the parties will be required to litigate in two jurisdictions, and subsequently bear an undue financial burden for two sets of attorneys." *Appellant's App. Vol. 2* at 68. We first note that, in arguing that the above findings are not supported by the evidence, Mother only sets forth portions of the challenged findings. For example, as to (1), the trial court's complete finding stated: "The minor Child is a newborn and, given the young age of the child, few records exist in Indiana that would impede or otherwise delay decisions out of the Illinois Court." *Id*. As to (2), the complete finding stated: "This Court is unaware of any reason to believe that the Illinois Court could not handle custody matters expeditiously. Father had requested the Illinois Court to resolve Child custody and parenting time issues through his Petition for Dissolution of Marriage." *Id*. The full finding that contains (3) states: "Both the Indiana case and the Illinois case were filed within a month of the other and, given the young age of the child, neither Court has more familiarity with the facts and issues pending than the other." *Id*. Finally, as to (4), the full finding stated: "Since this Court does not have the jurisdiction over the parties dissolution of marriage, nor the issue of child support, if the issue of custody is not transferred to Illinois, the parties will be required to litigate in two jurisdictions, and subsequently bear an undue financial burden for two sets of attorneys." *Id*. Reviewing the finding in their full context aids in determining if the evidence supported them.

[22] The evidence most favorable to the trial court's judgement showed that, at the time that Mother's petition was filed and throughout the proceedings that occurred in Indiana, Child was an infant and only a few months old, and, therefore, few records existed in Indiana that would delay a decision in the Illinois court. Mother maintains that voluminous amounts of evidence had been admitted in the Indiana court, including close to 500 pages of medical records; however, close to 300 pages of those pertained to Mother, and although close to 200 pages pertained to Child, there was no showing as to how that evidence would be relevant to determining custody or how it would be onerous to have the same evidence admitted in the Illinois court. The evidence also showed that, prior to the March 3, 2020 hearing on Father's petition to transfer jurisdiction, the Indiana court had only held one hearing, which was a brief hearing to establish an initial custody determination. *Tr. Vol. 2* at 2-18. Mother also asserts that all of her witnesses, including Child's doctors, swimming instructor, the library they frequented, the church they attended, breast feeding support group, mother's group, and daycare, are in Indiana and that it would be a hardship for more than ten witnesses to travel to Illinois for custody proceedings and she would be deprived of rebuttal witnesses if she did not bring them. However, there was no evidence presented that these ten witnesses would be necessary to make a custody determination and would need to travel to Illinois for any custody proceedings.

[23] Evidence presented also established that Father filed a petition for dissolution in Illinois on December 11, 2019 within sixteen days after Mother filed her

original petition, and that Illinois is the only jurisdiction where the dissolution could be filed because neither Mother nor Father had resided in Indiana for six months at the date of filing.[4] *Appellant's App. Vol. 2* at 15-18. Father testified at the March 3, 2020 hearing that there was a hearing set for March 5, 2020 in the Illinois court regarding child support and that he had no problems getting prompt hearings set in Illinois and did not foresee a problem with getting additional hearings expeditiously set in the future for custody proceedings in Illinois. *Tr. Vol. 2* at 24-25. Additionally, in its order on January 27, 2020, the trial court found that Indiana lacked personal jurisdiction over Father under the UIFSA to order him to pay child support and denied Mother's request for a weekly child support order. *Appellant's App. Vol. 2* at 52. Therefore, Illinois had jurisdiction over both the dissolution proceedings and any determination of child support, and if Indiana did not transfer jurisdiction of the custody and parenting time determinations, the parties would be forced to litigate in two different jurisdictions and incur the costs of doing so. We conclude that evidence was presented to support the challenged findings.

[24] Mother next contends that the evidence did not support the trial court's finding that "Mother knew Indiana's parenting time guidelines were more favorable to her than the child custody laws in Illinois." *Id.* at 70. Again, Mother only sets

---

[4] *See* Ind. Code § 31-15-2-6(a) (requiring that, in order to filed for dissolution in Indiana, one of the parties to a dissolution must have been a resident of Indiana for six months immediately preceding the filing of the petition).

out a portion of the trial court's finding. The complete finding stated: "Mother also testified she knew Indiana's parenting time guidelines were more favorable to her than the child custody laws in Illinois and that she became aware of this fact prior to her filing in Indiana." *Id*.

[25] At the hearing, Mother testified that it was her understanding that, because Illinois did not have parenting time guidelines, there could be a more favorable outcome for either party and that it could be "a free for all," but that in Indiana there are parenting time guidelines. *Tr. Vol. 2* at 55-56, 74. Mother also testified that she was aware of these differences on November 25, 2019, the date that she filed her petition for custody and parenting in Indiana. *Id*. at 74. From this evidence, the trial court could make a reasonable inference that, due to Indiana having parenting time guidelines unlike Illinois, that Mother was aware that Indiana's parenting time guidelines were more favorable to her than the child custody laws in Illinois, which she referred to as a "free for all" and that she became aware of this fact prior to her filing in Indiana. *Id*. Evidence was presented to support this finding.

[26] Finally, Mother argues that the trial court erred in finding that "Mother's actions leading up to her November 25, 2019 filing in Indiana were intended to deceive Father and but for Mother's actions, there would be no question as to whether Illinois had jurisdiction over the child custody issues." *Appellant's App. Vol. 2* at 69. Mother initially asserts that the trial court could not make this finding due to claim preclusion under the doctrine of res judicata because on December 20, 2019, the trial court found that it had jurisdiction to make an

initial custody determination and denied Father's motion to dismiss but did not indicate any finding of deception by Mother, which had been argued by Father in his motions prior to the hearing on December 20, 2019. Mother contends that by determining the issue of initial custody and denying Father's motion to dismiss, the trial court made a decision not to dismiss due to deception, and therefore, the issue of whether Mother acted with deception was res judicata and could not be relitigated.

[27] Claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on the same issue or claim between those parties and their privies. *Freels v. Koches*, 94 N.E.3d 339, 342 (Ind. Ct. App. 2018). When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. *Id*. Here, in denying Father's motion to dismiss and in making the initial custody determination, the trial court stated it was basing its finding on the fact that Indiana was the home state of Child on the date of the commencement of the proceedings. *Tr. Vol. 2* at 7. Although Father had argued deception by Mother in his pleadings, the trial court made no finding regarding deception and instead found that it had jurisdiction to make an initial custody determination because Indiana was the home state of Child on the date the proceedings were commenced. Mother initiated the proceedings by filing her petition on November 25, 2019, and although Father argued deception by Mother on a prior date, from at least the date of the commencement of

proceedings, there was no further claim of deception. We do not find that the trial court's finding of deception by Mother was precluded by claim preclusion.

[28] Mother further argues that the evidence did not support this finding. The evidence most favorable to the trial court's judgment showed that Mother never told Father that she planned to move to Indiana, and Father thought Mother was still living in Illinois up until November 2019. *Id*. at 25-26, 52, 53; *Ex. Vol. 3* at 197. On October 21, 2019, one day before Child was born, Father sent flowers for their anniversary to Mother at her workplace in Illinois, and although she acknowledged that the flowers were delivered and sent Father a picture of them sitting on her desk, she did not inform Father that she was actually in Indiana on that date and that she received the picture of the flowers from her boss in Illinois. *Tr. Vol. 2* at 57; *Ex. Vol. 3* at 199. Child was born in Indiana on October 2, 2019, but prior to the date of birth, Father was not aware that Child would be born in Indiana. *Ex. Vol. 3* at 191; *Appellant's App. Vol. 2* at 11; *Tr. Vol. 2* at 29. A few days prior to Child's birth, Father asked Mother to tell him the name of the hospital that Child would be born in, and Mother informed Father that Child would be born at CDH, a hospital in Illinois, even though she knew that was not true. *Tr. Vol. 2* at 28, 55; *Ex. Vol. 3* at 188-89. After Child was born, on approximately October 29, 2019, Mother and Child came to Illinois and lived with Mother's parents for several weeks. *Tr. Vol. 2* at 22; *Ex. Vol. 3* at 92-112. On November 16, 2019, Mother told Father that during her maternity leave, she planned to spend more time with her family in Indiana but did not inform him that she actually planned to move there

permanently. *Ex. Vol. 3* at 115. In fact, in the same text message, she told Father that she planned to come back to Illinois after Child's next doctor's appointment. *Id*. Evidence was presented at the hearing to support the finding that Mother's actions leading up to her November 25, 2019 filing in Indiana were intended to deceive Father.

[29] Lastly, Mother argues that the trial court abused its discretion in determining that Indiana is an inconvenient forum and that Illinois is a more appropriate forum for custody and parenting time proceedings. She asserts that the trial court ignored where the witnesses and evidence were located, that hearings had already been held in Indiana, and that everything would have to be reheard in Illinois, thereby duplicating costs. Mother claims that it would be an undue hardship on her to take her ten witnesses and the evidence to Illinois, when there was no evidence in Illinois and Father was the only witness in Illinois. We disagree.

[30] The trial court thoroughly reviewed each of the factors under Indiana Code section 31-21-5-8(b) and noted that 1) there was no evidence of domestic violence; 2) Child was born on October 22, 2019, one month prior to Mother's initial filing, and although Mother asserted that Child had always resided in Indiana since birth, evidence showed that Mother and Child had spent nearly as much time in Illinois as Indiana between his birth and the filing of Mother's petition; 3) the distance between the Indiana court and the Illinois court is approximately three hours; 4) both parties testified that they could not afford to litigate in both Indiana and Illinois and that neither could afford two sets of

attorneys to litigate in both jurisdictions; 5) dissolution proceedings were pending in Illinois and Indiana could not exercise jurisdiction over the dissolution; 6) the trial court had previously found that it lacked personal jurisdiction over Father to order him to pay child support, and it appeared that the Illinois Court would have personal jurisdiction and subject matter jurisdiction to order child support, to dissolve the marriage and to divide property; 7) the Indiana court did not have jurisdiction over the parties' dissolution or the issue of child support and if the issue of custody was not transferred to Illinois, the parties would be required to litigate in two jurisdictions, which would cause the parties undue financial burden for two sets of attorneys; 8) although the parties did not agree which state should exercise jurisdiction for custody issues, they did agree that Illinois had jurisdiction for the dissolution; 9) both cases in Indiana and Illinois were filed within a month of each other and given the young age of Child, neither court was more familiar with the facts and issues involved, the Illinois court was already aware of the issues involved, and both parties already retained attorneys in Illinois; and 10) Father believed that Mother was residing in Illinois prior to Child's birth and shortly thereafter, that Mother intentionally misled Father to believe that Child would be born in Illinois, and Mother's action leading up to filing her petition on November 25, 2019 were intended to deceive Father.

[31]     Mother's arguments are requests for us to reweigh the evidence, which we cannot do. *Coulibaly*, 85 N.E.3d at 916. The trial court did not abuse its

discretion in concluding that Indiana is an inconvenient forum and that Illinois is a more appropriate forum to determine the custody and parenting time issues.

## II.   Jurisdiction for Child Support

[32]   Mother argues that the trial court erred when it found that pursuant to UIFSA, Indiana Code section 31-18.5-2-1, that Illinois had sole jurisdiction over child support.  Mother asserts that Father submitted to the jurisdiction of Indiana, and therefore, the Indiana trial court could exercise personal jurisdiction over Father for purposes of determining child support.  She maintains that Father was served in Indiana and filed several responsive pleadings with the Indiana trial court, including a response to Mother's objection to his motion to dismiss and his petition to transfer jurisdiction to Illinois, which had the effect of submitting to the jurisdiction of the Indiana trial court.

[33]   Indiana Code section 31-18.5-2-1 provides in relevant part:

> In a proceeding to establish or enforce a support order or to determine parentage of a child, an Indiana tribunal may exercise personal jurisdiction over a nonresident individual or the individual's guardian or custodian if:
>
> (1) the individual is personally served with a summons, notice, or subpoena within this state;
>
> (2) the individual submits to the jurisdiction of Indiana by consent in a record, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction.

Ind. Code § 31-18.5-2-1(a)(1), (2).  Further,

> A party to a child custody proceeding, including a modification
> proceeding, or a petitioner or respondent in a proceeding to
> enforce or register a child custody determination, is not subject to
> personal jurisdiction in Indiana for another proceeding or
> purpose solely by reason of having participated, or of having
> been physically present for the purpose of participating, in the
> proceeding.

Ind. Code § 31-21-3-4.

[34]     In its order finding that Indiana was not a convenient forum to determine the custody issues, the trial court reiterated that it had issued an order on January 27, 2020 that found pursuant to Indiana Code section 31-18.5-2-1 that Indiana lacked personal jurisdiction over Father to order child support.  *Appellant's App. Vol. 2* at 68.  The evidence presented showed that, contrary to Mother's contention, Father was not served in Indiana as Mother's attempt to serve him at the March 3, 2020 hearing had no effect because, under Indiana Code section 31-21-3-4, he was not subject to personal jurisdiction in Indiana for child support merely because he appeared and participated as a party at a hearing in a child custody proceeding.  The evidence also showed that in filing Father's motions and objections to the jurisdiction of Indiana over custody and child support, Father's attorneys only filed a limited appearance.  *Id.* at 11, 30, 41.  Additionally, although Mother is correct that Father filed several motions and responses with the trial court, none of these pleadings had the effect of waiving his contest to personal jurisdiction.  All the pleadings stated that Father was not

consenting to Indiana having jurisdiction and were all filed for the purposes of objecting to Indiana exercising jurisdiction over child custody and child support issues and seeking to either dismiss Mother's petition or to transfer jurisdiction to Illinois. *Id*. at 11-14, 30-34, 41-45, 57-60. None of Father's pleadings had "the effect of waiving any contest to personal jurisdiction." *See* Ind Code § 31-18.5-2-1(a)(2). The trial court did not err in finding at pursuant to Indiana Code section 31-18.5-2-1, Indiana lacked personal jurisdiction over Father to order child support.

[35] Affirmed.

Pyle, J., and Tavitas, J., concur.